HAROLD B. WOODWARD *vs.* CATHERINE E. O'DRISCOLL.

DECEMBER 16, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Automobiles. Negligence.*

One who was backing a truck out of a shed onto the street, being unable to see the street and relying upon another employee to direct his movements and who failed to stop immediately upon receiving a signal so to do but ran the truck backward a distance of four feet, causing a collision with the car of plaintiff was guilty of negligence.

*(2)   Automobiles.   Contributory Negligence.*

Where plaintiff knew of the existence and use of an entrance to a lumber shed of defendant by trucks of defendant in moving lumber, the street wall of the shed being built close to the inner side of the sidewalk, in the exercise of due care he was under the obligation to consider the possibility of meeting some vehicle at the point of exit from the shed and regulate his conduct accordingly, but he was not bound to anticipate negligence, and where he was driving slowly and had until within approximately one hundred feet of the entrance watched that point, the temporary withdrawal of his eyes for a few seconds during which interval a truck of defendant was backed into the street cannot be held to be negligence as a matter of law.

*(3)   Contributory Negligence.   Motion to Direct Verdict.   New Trial.*

Except in clear cases in which there is no room for reasonable difference of judgment, the question of contributory negligence is one of fact and as such is in the first instance properly submitted to the jury.   The question of the weight and the preponderance of the evidence is not properly raised on a motion for the direction of a verdict but can be and should be considered only by the justice in later proceedings upon motion for new trial, and such question will not be considered on exceptions by the appellate court.

TRESPASS ON THE CASE.   Heard on exception of defendant and overruled.

STEARNS, J.   The action is trespass on the case for negligence.

The case was tried by a jury by whom a verdict was found for the plaintiff and is now in this court on defendant's bill of exceptions.   The only question is, was the action of the trial justice in refusing, at defendant's request, to direct a verdict for the defendant, error?

Shortly after the noon hour, on the 12th of April, 1918, plaintiff, who lived in Barrington and was on his way to his home, drove in his Ford touring car down Wickenden street in the city of Providence and turned to the right at Gano street, which latter street runs north and south and parallel with the river.   Plaintiff then proceeded to the south along Gano street intending to turn to the left on Tockwotton street, the next street intersecting Gano street, and intending to proceed to his left and to the eastward by Tockwotton street to and over the Washington Bridge.   A short distance south of the corner of Wickenden and Gano streets

there is a sharp bend in the street. Plaintiff testifies that as he rounded this corner or bend he looked carefully ahead and that there was no one on the street; after he had proceeded a few feet he noticed that the traffic was congested on Tockwotton street in the vicinity of the bridge; he looked over to his left to ascertain the cause and saw that the drawbridge was open; he was driving on the right-hand side of the highway about two feet from the right-hand curb, driving slowly, between twelve and fourteen miles an hour. As he looked to the left, he saw the left-hand side of Gano street but not the right; about the time he looked to the left, or a few seconds thereafter, a large automobile truck of defendant came into collision with plaintiff's automobile and caused the damage to recover from which this suit was brought. About two hundred feet south of the curve on Gano street, in the direction of Tockwotton street and the bridge, on the west side of the street and on plaintiff's right-hand side, there was a private entrance from the street across the sidewalk into a shed of defendant in which lumber was stored. The street wall of the shed is built close to the inner side of the sidewalk. The plaintiff knew that this entrance way was used by defendant's trucks in moving lumber in or out of the shed and he testified that until he was approximately one hundred feet from the shed entrance he was looking along the road and sidewalk and toward the shed door; at that time there was no one on the sidewalk and the truck was not visible; he then turned his eyes to the left and within a few seconds the truck was backed out of the shed and struck the right front of plaintiff's car.

Defendant's employee, Charles Schwab, the driver of the lumber truck, testified that as he started to back his automobile truck out of the shed, one John Collins, another of defendant's employees, went onto the street in order to direct him out in safety; the driver could not see in either direction on the street; he started to back his car out and was moving slowly, perhaps a mile an hour, when Collins signalled him to stop; he could have stopped his car imme-

diately but allowed the car to run some four feet farther out and into the street; he then stopped the car and almost immediately the truck was struck, as he claims, by the plaintiff's car. At the time of the collision the rear wheels of the truck were in the gutter and the rear end of the truck body was about four feet from the line of the curb in the street. The driver of the truck gave no signal before going out of the shed nor did he see plaintiff's car until after the collision. Collins did not see the plaintiff's car until after the collision. Collins was looking to the south as he was directing the movements of the truck driver and his signal for him to stop was given not because of the approach of plaintiff but because Collins saw a car approaching from the direction of the bridge. It thus appears that no one saw the collision.

Defendant's servant was guilty of negligence; he neither gave a signal nor looked out onto the highway before entering thereon. As he relied on Collins to discharge the duty of looking before entry was made on the highway, his failure to stop immediately when he received the signal to do so from Collins in the circumstances was negligence. Instead of stopping at once as he could have done and thus have remained in a place of safety he continued to run his car backward a distance of four feet which placed the rear end of the truck on the street and apparently made the collision inevitable.

We come now to a consideration of the plaintiff's conduct. This is to be tested by the established standard of ordinary care. To conform to this standard, the extent and nature of the precautions required in any given case vary. The standard of care is fixed but the measure of precaution necessary to meet this standard varies in different circumstances. The great increase in the number of motor vehicles on the highways has greatly increased the danger in the use of highways; consequently, much more care in the use of the highway is now required both of pedestrians and the drivers of vehicles than in the days when vehicles were

drawn by horses. The plaintiff had knowledge of the existence and the use of the entrance to the lumber shed. (2) Although he was not required to use the same amount of care in approaching this entrance that he should use in approaching an intersecting street, or even a public way opening into the street on which he was travelling, nevertheless in the exercise of proper and due care plaintiff was under the obligation to consider the possibility of meeting some vehicle at the point of exit from the shed, and to regulate his conduct accordingly. But the plaintiff was not bound to anticipate negligence. He could properly base his conduct on the assumption that anyone driving out of the lumber shed would exercise due care. Plaintiff was driving slowly and until within approximately one hundred feet of the entrance, he continued to watch the whole street including the sidewalk and entrance. His attention at this time was then directed more to the left and away from the entrance, but during this period of a few seconds—four or five perhaps—he still kept his eyes on the left-hand side of the highway. This was the direction from which danger from vehicles approaching from the south was to be apprehended. It might fairly be argued that plaintiff having looked to the left toward the bridge and having ascertained the cause of the traffic congestion on the bridge, should then at once have changed his field of observation so as to include not only the left-hand side of the highway but also the right-hand side and the entrance way. But his failure so to act can not be held to be negligence as a matter of law. We can not say that the temporary withdrawal of his eyes from one part of the highway in the circumstances as a matter of law constituted negligence. Except in clear cases in which there is no room for reasonable difference of judgment (3) the question of contributory negligence is one of fact and as such is in the first instance properly submitted to the jury for its decision. The question of the weight and preponderance of the evidence is not properly raised on the motion to the trial justice for the direction of a verdict but

can be and should be considered only by the trial justice in later proceedings upon motion for a new trial. That question is not now before us.

In the case at bar as there was some substantial evidence in support of plaintiff's allegations that he was using due care this question of fact was properly left to the decision of the jury and the motion to direct a verdict was properly denied.

The exception of the defendant is overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Benjamin F. Lindemuth,* for plaintiff.
*Frederick A. Jones,* for defendant.