# FRAZIER *v.* HULL.

(Division A.   April 21, 1930.   Suggestion of Error Overruled May 26, 1930.)

[127  So.  775.   No.  28408.]

Kit Williams, of Memphis, Tennessee, and Cutrer & Smith, of Clarksdale, for appellant.

Roberson & Cook and J. M. Talbot, all of Clarksdale, for appellee.

Argued orally by **J. M. Talbot**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was struck by an automobile driven by the appellee, and sued her for the damage resulting to him therefrom. The jury returned a verdict for the appellee, and there was a judgment accordingly.

The appellant was traveling, at night, on a public highway in an automobile driven by himself, with three companions. A puncture in the tire on one of the rear wheels of the automobile necessitated the stopping of the car in order that the punctured tire might be replaced to a spare tire. The automobile, according to appellant's evidence, was parked on the right-hand side of the road, the left wheels thereof being within the graveled roadway but several feet to the right of the center of the road, and the front and rear lights of the automobile were burning. Immediately after changing the tire, the ap-

pellant was standing in the rear of the automobile putting away the tools used by him in changing the tire, and, while there, an automobile driven by the appellee, came upon him from the rear, struck him and his automobile, injuring him seriously. According to the appellee's evidence, the appellant's automobile was parked near the center of the road without any rear light thereon, and she did not see it or the appellant until too late to avoid striking them.

Section 9, Laws of 1916, chapter 116 (Hemingway's 1927 Code, section 6687), provides that "every motor vehicle shall carry, during the period from one-half hour after sunset to one-half hour before sunrise, at least two lighted lamps, showing white lights visible at least two hundred feet in the direction toward which such motor vehicle is proceeding, and shall also exhibit one red light, visible in the reverse direction. Said red light shall be so hung upon the motor vehicle so that it will illuminate and make visible the register number of said vehicle; provided, however, that the user of such motor vehicle may proceed to his destination in event of a bona fide failure of his lights to operate, if he sounds his bell, horn, or other signal device at least once in every two hundred feet, does not proceed at a rate of speed greater than six miles an hour, and takes the first reasonable opportunity to put his lights in order."

The court below charged the jury by one or more instructions, in substance, that it was the duty of the appellant to have a red light burning on the rear of his automobile, and if the jury believed that he did not have such a light, and that his failure so to do was the sole proximate cause of his injury, they would find for the appellee. Three questions are presented to us by this instruction: First, does the statute apply to an automobile parked temporarily on one side of a highway? Second, if so, does it apply where the injury complained of is the striking of a person responsible for the automobile being where it was, and who was struck while temporarily out of it and engaged in making repairs

thereon? And, third, if both of these questions are answered in the affirmative, should the jury have been permitted, under the evidence, to find that the appellant's failure, if such there was, to have a rear light on his automobile, was the sole or proximate cause of his injury? The statute by the use of the words "visible at least two hundred feet in the direction toward which motor vehicle is proceeding" seems to contemplate an automobile that is being driven on the highway, but such statutes are usually construed to include ordinary stops on the highway for temporary purposes. This, we think, is the true construction of the statute. An automobile does not cease to be proceeding on its journey within the spirit and meaning of the statute, in the light of which spirit it must be construed, merely because its journey was temporarily interrupted. 1 Berry, Automobiles (6 Ed.), section 203, page 172; 1 Blashfield's Cyc. of Automobile Law, page 390, section 9. It is not necessary for us to now decide whether the statute applies to the ordinary parking of an automobile on the side of a highway for reasons other than such as merely temporarily suspend its proceeding on its journey, as to which we express no opinion.

The suit here is not for an injury to an automobile or to a person injured while therein, but for an injury to a person standing immediately in the rear of an automobile for the purpose of placing therein tools which he has just theretofore been using in changing a tire on the automobile. The question presented is one of some difficulty, but we are of opinion that when the appellant was injured he bore the same relation to his automobile, because of what he was then doing, as he would have had he then been in the automobile, and that the statute applies. Had he been standing on the running board, there can be no question that the statute would apply, and the mere fact that he was temporarily out of the automobile, for a purpose connected with the use of it, does not bring him without the statute.

But it is said that a failure on the part of the appellant to have the rear light of his automobile burning simply created a condition without which the accident might not have occurred, and, therefore, in any event cannot be considered as a proximate cause thereof. The failure to have the rear light of the automobile burning, if such failure there was, was more than a mere condition; it was a failure to discharge a duty enjoined by the statute for the prevention of the very thing that occurred, and, if it was the sole proximate cause of the accident, would bar the appellant's recovery, or, if it merely contributed thereto, would diminish the amount of his damages.

Under the evidence, the jury should not have been permitted to find that the negligence of the appellant, if such there was, was the sole proximate cause of his injury. The statute required the appellee to have her automobile equipped with lights "visible at least two hundred feet in the direction" in which she was traveling. According to her counsel, this requirement is not for the purpose of lighting the road for the direction and guidance of the driver of the automobile, but is solely for the purpose of warning persons in front of the automobile of the approach thereof. The statute, we think, cannot be so construed. The rear light of an automobile being red in color and, therefore, lighting its vicinity within a short radius only, is for the purpose of warning persons approaching the automobile, but the front lights being white, and therefore of the character that would light up their vicinity, must be for the purpose of both warning the persons of the approach of an automobile and for the guidance and direction of the driver thereof. 1 Berry, Automobiles (6 Ed.), section 198; Blashfield's Cyc. of Automobile Law, page 385, section 4. It will be noted that the rear light must be simply "visible," no distance therefor being stipulated. The appellee was driving a roadster equipped with front lights, which could be lifted or depressed. The lights on the type of automobile she was driving were intended, when lifted, to light up the road for a distance of approximately one

hundred feet, and, when depressed, for a distance of approximately fifty feet. The appellee seemed to be uncertain whether at the time of the accident these automobile lights were lifted or depressed, but finally said they were lifted. It is not clear from her evidence how far her lights actualy lighted the road in front of her automobile. In one portion of her testimony she seems to indicate that they did not light up the road more than twenty feet, and, in another portion, not more than the distance across the court room in which the case was being tried. But, according to her testimony, whatever that distance was, she was driving at a rate of speed too great to permit her to stop her automobile or turn aside in time to avoid striking the appellant and his automobile when they came within the range of her lights.

Section 2, chapter 116, Laws of 1916 (section 6680, Hemingway's 1927 Code), prohibits motor vehicles from being operated on a public highway "at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway, or so as to endanger the life or limb of any person or the safety of any property." The driver of a motor vehicle has not the right to a clear road, but must anticipate the presence of persons and vehicles thereon, and must at all times drive at such a rate of speed as will enable him to avoid injury to such persons and vehicles when they come, or should come, under his observation. Ulmer v. Pistole, 115 Miss. 485, 76 So. 522.

From this it necessarily follows that it is negligence to drive an automobile, at night, at a greater rate of speed than will permit the driver thereof to avoid injury to persons or vehicles when they come within the range of the lights on the front of the automobile. 1 Berry, Automobiles (6 Ed.), section 186; 1 Blashfield's Cyc. of Automobile Law, page 350, section 17; 14 A. L. R. 794, note. Had the appellee observed this rule, the accident would not have occurred; and, as her own evidence disclosed that she did violate it, the jury should not have

been permitted to find that her negligence did not contribute to the appellant's injury.

Reversed and remanded.