RHODES *v.* FULLILOVE.

(Division B.   May 25, 1931.)

[134 So. 841.   No. 29472.]

J. W. Conger, of Winona, for appellant.

D. E. Crawley, of Kosciusko, for appellee.

Argued orally by **J. W. Conger**, for appellant, and by **D. E. Crawley**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against appellee in the circuit court for the second judicial district of Carroll county, to recover damages for a personal injury suffered by appellant as the result of being struck by a motor truck belonging to appellee, alleged to have been caused by the negligence of the latter's servant in operating the truck. The trial resulted in a verdict and judgment in favor of appellee, from which judgment appellant prosecutes this appeal.

Appellant assigns as errors the action of the court in refusing to direct a verdict in his favor; in the giving of certain instructions for appellee; and in admitting certain evidence for appellee over appellant's objection.

S. R. Wright was the manager of a company dealing in Chevrolet cars, located in Vaiden, in Carroll county; and, in addition, engaged in the repair of automobiles. Appellant was an automobile mechanic, in the employ of Wright. On September 20, 1930, between seven and eight o'clock (after dark), Mr. Wright was called to repair a crippled car located north of Vaiden, on highway No. 51, which highway runs north and south through the town. The crippled car was located about seventy-five yards north of the north line of the corporate limits of the town. The crippled car was facing north, and located near the east side of the highway, at which point the highway was about twenty-seven feet wide. Mr. Wright took appellant in an automobile, and drove to the place where the crippled car stood. He drove his car to the north of it, turned around, and came south on the east side of the highway, facing the crippled car something like two feet in front of it. There he stopped his car, with its left headlight shining directly on the front of the crippled car, and its right headlight illuminating the highway on the west side of the crippled car. Thereupon appellant got out of the Wright car, and

walked around to the rear of the crippled car for the purpose of ascertaining what repairs were necessary.

The crippled car had no danger lights on its rear. The situation of the two cars, and the surroundings, were therefore substantially as follows: The crippled car was facing north, and on the east side of the highway, near the east edge, with no danger light at its rear. The Wright car was facing south, with its front within something like two feet of the front of the crippled car, and was also near the east edge of the highway, with its left-hand light obscured from the south by the crippled car, while its right-hand light was far enough west of the crippled car to throw its rays south down the highway. The two cars, so situated left unoccupied to the west something like fifteen to eighteen feet of the highway. Appellant, as stated, was standing near the rear of the crippled car, making an examination of it, in order to determine what repairs were necessary.

The appellee was a retail grocer in the town of Vaiden, and delivered to his customers within and without the corporate limits of the town, by means of a truck, which, at the time of appellant's injury, was being driven north on the highway by a negro, Sherman Davis, to deliver groceries to a customer. About four hundred yards south of the place where the accident occurred there is a hill. The driver of appellee's truck testified that when he reached the peak of this hill he saw the lights of the Wright car; the truck was going about fifty miles an hour; he was unable to determine whether the Wright car was moving or standing still, or whether it was on his right-hand side of the road, the middle, or the left side, and that as he approached the two cars he slowed the truck, to use the language of the witness, "down to about thirty or thirty-five miles an hour;" that when he discovered the cars were on his right-hand side of the road, in order to avoid a collision, he cut his truck to the right, into the ditch on the east side of the highway,

and as he did so, appellant jumped to the east, in front of his car, in that way being struck and injured; that he cut his car to his right (the east side) because he was afraid the highway to the west of the cars might be occupied by some person or persons connected with the cars.

Appellant testified that when he realized his danger, he sprang from the highway to the ditch on the east, because he thought the truck would probably pass the cars on the west; that there was ample room for the truck to do so.

There was no real conflict in the evidence as to how the injury occurred, and the surrounding facts and circumstances. The only conflict was as to the reasonable inferences to be drawn from the surrounding facts and circumstances.

We do not think appellant was entitled to a directed verdict on the question of liability, although the evidence was without any real conflict that at the time of the injury, appellee's truck was exceeding the speed limit prescribed by section 5569, Code of 1930. The statute provides, among other things, that a truck shall not, in any event, be operated at a greater rate of speed than thirty miles an hour. Section 5588, Code of 1930, provides, among other things, that in an action to recover damages, either to person or property caused by operating a motor vehicle in violation of the Code chapter on motor vehicles, the plaintiff shall be deemed to have made out a prima-facie case by showing the fact of such injury, and that the motor vehicle was being operated at the time contrary to the provisions of that chapter. Construing that section in connection with the speed section of the statute in Lucedale Automobile Co. v. Daughdrill, 154 Miss. 707, 123 So. 871, the court held that the plaintiff made out a prima-facie case of negligence by showing a violation of the speed statute, and an injury at the time of such violation.

However, the fact that appellant made out a prima-facie case of negligence on the part of appellee did not entitle him to a peremptory instruction. A prima-facie case is always rebuttable. To entitle a plaintiff to a directed verdict, the evidence must be such that no other reasonable inference can be drawn therefrom except liability on the part of defendant. The driver of appellee's truck was driving on his right-hand side, as he was required by law to do in passing other vehicles. As stated, the injury occurred at night; there was no signal out, either on the crippled car or elsewhere, to warn the driver of the truck of the danger ahead; he could only see the lights of the Wright car facing him. Until he was too close to stop he could not tell whether the two cars were in the middle of the highway, or on the east or west side. He had to choose between turning to the right and going into the ditch, or turning to the left and passing the two cars on the west. He feared that if he took the latter course he might strike some person on the highway west of the two cars; while his thought doubtless was that there was no probability of striking any one by going into the ditch on the east.

We are of opinion that it was a question for the jury whether or not the speed of the truck was the proximate cause of the injury, or the act of appellant in placing himself in the highway at the rear of the crippled car, without any danger light to warn those traveling north of the presence of the cars. If the Wright car had been parked south of the crippled car, facing north on the east side of the highway, with its rear danger light on, instead of north of the crippled car, facing south on the east side of the highway, the driver of the truck would have had such warning. One of the essential differences between the present case and the case of Terry v. Smylie (Miss.), 133 So. 662, is that the car occupied by Miss Smylie at the time of her injury had its parking lights on.

The judgment must be reversed, however, on account of the giving of three instructions for appellee. In one of the instructions the jury were informed by the court that if they believed from the evidence that appellant voluntarily placed himself in front of appellee's approaching motor truck, and was struck and injured as the result thereof, then they should return a verdict for the appellee. The evidence showed without conflict that appellant voluntarily jumped from the highway into the ditch on the east and, while in the act of doing so, was struck by appellee's truck. He jumped voluntarily, but it does not follow that he was negligent in doing so, and that his negligence was the sole cause of his injury. The element of negligence is left out of the instruction. When appellant jumped he was confronted with the danger of great bodily harm or the loss of his life; the danger was present and impending. Appellant had to choose instantly what course he would pursue—whether he would jump to the east in the ditch, or to the west, in the open highway, and run the risk of being struck by the truck as it passed the two cars on the west. If appellant had known that the driver of the truck would turn to the east, in the ditch, instead of to the west, in the open highway, he could easily have saved himself from injury; but he had no way of knowing. The wisdom of the course he pursued cannot be judged by after events. The instruction in question simply amounted to a peremptory instruction to find for appellee, because there was no conflict whatever in the evidence that appellant jumped in front of the truck in attempting to save himself from hurt.

Another erroneous instruction is in this language: "The court instructs the jury for the defendant that on the occasion in question the defendant's chauffeur had a right under the law to drive the defendant's automobile along the highway and act on the assumption that the said highway would not be obstructed by another auto-

mobile, and if the jury believe the plaintiff's injuries were sustained as a result of the negligence of some person other than the defendant's chauffeur, by the obstruction of the highway by another automobile, or automobiles, then it is your duty to return a verdict for the defendant.''

The fault of this instruction is that it informed the jury that the driver of appellee's truck had the absolute right to assume that the highway would not be obstructed by another automobile. In other words, the driver had the right to drive blindly upon that assumption. The driver of a motor vehicle must keep his machine under control, and be on the alert for pedestrians, and other motor vehicles on the highway. He must drive at a rate of speed which will enable him to avoid injury to those who should come under his observation. Driving, at night, at such a speed as not to permit the driver to avoid injuring persons coming within the range of his lights, is negligence. Snyder v. Campbell, 145 Miss. 287, 110 So. 678, 49 A. L. R. 1402; Frazier v. Hull, 157 Miss. 303, 127 So. 775.

The court gave another instruction for appellee, in this language: ''The court charges the jury for the defendant that the laws of the state of Mississippi, governing the operation of automobiles along and over the public highways, of said state, require every person operating an automobile on said highways to keep same to the right of the center of said highway, except when overtaking an automobile or other vehicle traveling in the same direction, when in passing same, the driver is required to keep to the left of the vehicle which is being passed.''

This instruction embodies a correct abstract principle of law. The trouble is that it has no application to the facts of this case. Here we have, not two automobiles meeting and passing each other on the highway, or one overtaking the other and passing it; instead, we have an

automobile passing two others standing still on the highway. The inapplicability of the instruction to the undisputed facts of the case may have been misleading to the jury.

Under the circumstances, the admission of the evidence complained of was without harm to the appellant. We do not think this question is of sufficient seriousness to call for discussion by the court.

Reversed and remanded.