MISSISSIPPI POWER & LIGHT Co. *et al. v.* HARRELL.

(Division B.    Oct. 26, 1936.)

[170 So. 229.    No. 32358.]

A. M. Nelson and W. W. Bean, both of Jackson, for appellants.

750

J. W. Conger, of Winona, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Frank Edwards, in his lifetime, brought suit in a justice of the peace court against appellants and one J. G. Stephens, for the wrongful killing of a mule belonging to Edwards, valued at one hundred and twenty-five dollars, recovered judgment for that amount, from which an appeal was taken to the circuit court, tried de novo, and a judgment was rendered there for ninety dollars, from which this appeal is prosecuted. After the appeal was taken, Frank Edwards died, and Ida Harrell was appointed administratrix, and the suit has been revived in her name.

The facts developed show that J. G. Stephens, a salesman for appellant, was riding on highway No. 51, in and around Winona and Charleston, Miss. Stephens furnished his own car; took care of his own expenses,

and was paid a salary by appellant, and on the occasion in question he reached Winona, spent the day there on business for the company, and about nine o'clock P. M., started to his home in Grenada county, and while en route he struck the mule. His testimony is as follows: "Q. Now tell the jury about the circumstances of your hitting the mule, please. A. Well, I was just this side of Johnnie Heath's, across in front of Mr. Rowland's, and as I come up around a curve it is more or less straight down an incline, and I saw the mule coming up meeting me on the same side of the road I was on; naturally I was on my right side of the road; I could see the mule I judge something near three hundred feet before I got to it, and I slowed to about fifteen miles an hour, and when I got up in about fifty feet, not exactly, but thereabouts, the mule whirled and ran out in front of me, and I struck it with the right headlight, fender and right side of the radiator and snatched it down over the car. It was a big tall mule and the bumper tripped him up and he tumbled over and mashed the radiator down, and then fell over and got up and stumbled over and fell on the side of the road, and I was stopped when I hit the mule, I didn't hit him hard enough to shake me, I had slowed down to that gait, had stopped, and after that I released the brake and coasted on down to Johnnie Heath's, and we went back and my headlight had been knocked off, and we got that lying in the road, and we drug the mule out on the side of the road, and I believe that is about all that took place."

On this testimony, we do not think the appellants were liable for the injury. Nothing was done to cause the mule to turn suddenly in front of the car, and that action could not well be anticipated under the circumstances here disclosed.

It follows, therefore, that the judgment of the court below must be reversed, and the cause dismissed.

Reversed and dismissed.