EDWARDS *v.* MURPHREE

No. 42892 February 17, 1964 160 So. 2d 689

*Mitchell, McNutt & Bush,* Tupelo, for appellant.

*Ethridge, Minniece & Bourdeaux, Thomas R. Jones*, Meridian, for appellee.

McElroy, J.

Appellee, Elton Murphree, brought suit in the Circuit Court of Calhoun County against the appellant, W. L. Edwards, for damages resulting from an automobile accident that occurred May 7, 1962, on Mississippi Highway No. 9 in Calhoun County. Appellee was a guest passenger in a northbound pickup truck owned and being driven by James Ernest Moore. Appellant, Edwards, was the owner and driver of a southbound automobile.

Appellee charged appellant with negligence in the operation of his vehicle in the following regards: (a) failure to keep proper lookout; (b) failure to keep ve-

hicle under control; failure to decrease speed when approaching the crest of a hill; and (d) excessive speed. Appellant denied negligence on his part and affirmatively charged negligence on the part of James Ernest Moore, driver of the pickup truck in which appellee was a passenger. Appellant charged in the alternative that the accident was unavoidable. Trial resulted in a jury verdict for appellee.

Appellant's primary contention is that appellee, plaintiff below, wholly failed to prove negligence on the part of appellant; that on the contrary, appellee's own evidence and the physical facts show conclusively that the accident was caused solely by gross negligence of the driver of the vehicle in which appellee was riding, in suddenly turning left across the highway directly in the path of appellant's approaching automobile, which was traveling south; that the driver of the vehicle in which appellee was riding northward flagrantly violated sections 8182 and 8192, Mississippi Code 1942, Rec., and that he was guilty of gross negligence in turning left across Mississippi Highway No. 9 at a time when such a turn created an immediate hazard.

Appellant also assigns as error: (1) the court erred in refusing to peremptorily instruct the jury to find for defendant, in overruling defendant's motion for a new trial; (2) the court erred in giving plaintiff certain instructions; and (3) the court erred in refusing instruction No. 9 requested by appellant, defendant.

The evidence revealed the following facts. Mississippi Highway No. 9 is a two-lane hard-surfaced road twenty feet wide that runs generally north and south. North of the gravel road where this accident occurred there is the apex of a hill. The grade of the hill is steeper on the north side of its apex and on that side there is a curve leading into the hill. South of the hill's apex and on the west side of the highway there is a gravel road leading to two houses that can be seen from the

highway. It is in the entrance of this gravel road that the accident occurred. Further south beyond the gravel road, the highway rises and forms a large loop-type curve to the west. The distance from the center of the gravel road (point of impact) north to the apex of the hill is approximately 124 feet. The general course taken by the highway is marked by curves and hills. The highway immediately north and south of the point of impact is free of curves, but has the hill heretofore described. The accident occurred about noon. The weather was clear and the road dry. Appellee and a friend, James Ernest Moore, were traveling north on Mississippi Highway No. 9 on their way to get some beagle puppies. Moore was driving his 1953 Chevrolet pickup truck, and appellee was a guest passenger. The owner of the beagle puppies lived on the gravel road that entered Highway No. 9 on the west. As the pickup truck approached the gravel road, Moore slowed the truck's speed and gave a hand signal indicating a left turn onto the gravel road. The operators of two vehicles behind him understood his intention to turn and acted accordingly. Immediately before and at the time the pickup truck began its left turn off the highway, the west lane of the highway was clear of southbound traffic. While Moore was turning left to the west, when the front part of his truck had crossed the center line, the top of appellant's automobile came into view on the hill north of the pickup truck. The pickup, already fully committed to its left turn, continued west in an effort to get off the highway; at this point appellant was headed south, but also turned his vehicle west toward the gravel roadway. There was testimony by three of appellee's witnesses that appellant told them a couple of months after the accident that he had seen the truck turning left, but tried to "beat it" by increasing his speed. Appellant denied this.

Mr. Franklin Lowe, a University of Mississippi faculty member and one of the two disinterested eyewitnesses, testified he was traveling north on Highway No. 9 behind the pickup and that he realized the pickup was going to turn. As the truck began its turn and got its front wheels across the center line of the highway, Lowe saw, for the first time, "the very top of the car . . ." (appellant's car) in the west lane. He had seen no traffic in the west lane prior to that, even though his position was one of vantage because it was higher than that of the pickup. The appellant's expert witness corroborated the fact of the advantageous position.

Another disinterested eyewitness, Mrs. Max Jenkins, testified she was driving her car behind the pickup with nothing between them, and though she did not remember the driver giving a signal, she knew he was going to turn. She did not see any traffic coming south when the truck was turning, and when the truck turned left she proceeded around it and drove up the hill. She stated that appellant's car then appeared over the hill and proceeded to the point of impact, at the left rear of her car. She said appellant's car seemed to come "over the hill . . . all at once."

The evidence in this case is disputed as to facts and circumstances, and presented questions for the jury. Several versions are given as to the exact speed of appellant's vehicle at the time of the accident, the position of the vehicles involved, and whether the eyewitnesses had a good view of the accident.

"In an action to recover damages for injuries sustained in a motor vehicle accident, where the evidence respecting an issue of fact is contradictory, the court cannot rule as a matter of law that the fact has or has not been proved, but must leave the determination of this question to the jury. In cases where a jury trial is had, it is the distinctive province of the court to decide questions of law as distinguished from questions

of fact, and of the jury to try the facts of the case; each party has a right to have issues raised by pleadings, when supported by any competent evidence, submitted to the jury under proper instructions. Generally, it may be said that when not only the facts constituting the conduct of the parties, but also the standard of care which they should have exercised, are to be determined, the case is entirely one of fact.'' 8 Am. Jur. 2d 569, Automobiles and Highway Traffic, § 1012.

Mr. Moore testified he gave a signal to turn left by putting his left arm out of the window, and that at the time there was no southbound traffic in the west lane. The jury could have believed that, though the signal was given as Mr. Moore testified, appellant did not observe it, or he had not come to a point where he could see the car, but in any case, he should have had his car under control so it could be stopped. Appellant did not testify positively that Mr. Moore did not give a signal. In the cases of Lee v. Reynolds, 190 Miss. 692, 1 So. 2d 487, and Robinson v. Colotta, 199 Miss. 800, 26 So. 2d 66, this Court held that a motorist is presumed to have seen what he should have seen. A jury could reasonably believe that a signal was given but not seen. It is a driver's duty to be alert. Since appellant was familiar with this particular road, having traveled it frequently, he knew, or should have known, the necessity for being cautious and having his car under control.

We believe the court was correct in overruling or refusing the peremptory instruction for the jury to find for defendant, or to direct the verdict in favor of defendant, because we feel that it was purely a jury question as to the negligence.

About seven instructions were objected to by appellant. We believe there was no reversible error as to any of the seven.

Objections were made on behalf of appellant that appellee crossed a yellow line in turning into the road on his left, in the path of the oncoming car going south. No Mississippi cases have been cited with reference to crossing yellow lines in turning into an intersection or driveway to a home. We have followed the rule that the driver of a motor vehicle does not have the right to a clear road, but must anticipate the presence of persons or vehicles thereon and must at all times drive at a rate of speed that will enable him to avoid injury to such persons or vehicles. See Frazier v. Hill, 157 Miss. 303, 127 So. 775.

Appellant relies on many sections of the Code with reference to certain regulations governing motor vehicles. Section 8185, Mississippi Code 1942, Rec., is in part:

"(b) No vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions:

"1. When approaching the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed;

". . .

"3. Where official signs are in place directing that traffic keep to the right, or a distinctive center line is marked, which distinctive line also so directs traffic as declared in the sign manual adopted by the State Highway Commission."

See Clark v. Mask, 232 Miss. 65, 98 So. 2d 467.

Section 8192, Mississippi Code 1942, Rec., states in part:

"(a) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety . . . after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement."

In the case of Frazier v. Hull, 157 Miss. 303, 127 So. 775, this Court discusses the duty of a motorist regarding control of his vehicle within observation and said:

"The driver of a motor vehicle has not the right to a clear road, but must anticipate the presence of persons and vehicles thereon, and must at all times drive at such a rate of speed as will enable him to avoid injury to such persons and vehicles when they come, *or should come,* under his observation." (Emphasis supplied.)

The court refused appellant's instruction No. 9, which is as follows:

"The Court instructs the jury for the defendant that the law of the State of Mississippi prohibits the driver of a motor vehicle from driving to the left of the center of the roadway where a distinctive center line is marked to direct traffic to remain in the right hand lane; and if you believe from the evidence in this case that the driver of the truck in which plaintiff was riding negligently violated this statute by crossing the center line of the highway into the left traffic lane at a point where there was a yellow line placed in the center of the highway to prohibit traffic from crossing the center line; and if you further believe from the evidence that such negligence on the part of the driver of the truck in which plaintiff was riding was the sole proximate cause of the accident mentioned in the declaration, then it is your sworn duty to find for the defendant."

We do not believe that crossing the yellow line is negligence per se. Many people live on our highways and there are many yellow lines, and under our rules and regulations of the highways, since a person must keep his motor vehicle under control at all times, a person has a right to turn left over a yellow line if he has to go into an intersection of a road or even if he has to go into his own driveway or someone else's driveway.

A similar situation presented itself in the case of William Green v. Boney, 233 S.C. 49, 103 S.E. 2d 732, 66 A.L.R. 2d 1370. The Supreme Court of South Carolina found that it was not negligence per se to cross the yellow line of a highway. In this case plaintiff had made a left turn off the highway where there was a yellow "nonpassing" line on his side of the road. The court said:

"It is not always an act of negligence for a motorist to make a left turn across the yellow barrier line for the purpose of entering a prive driveway. In Wilburn v. Simons, 302 Ky. 752, 196 S.W. 2d 356, 359, the court held that a motorist was not negligent as a matter of law in making such a turn in front of the crest of a hill for the purpose of entering the driveway of his home. It was there said: 'Our attention has also been directed to Instruction III telling the jury, in sum and substance, that Wilburn was guilty of negligence as a matter of law because he drove his car to his left side of the highway at the place of accident, such place being located just in front of the crest of a hill where a yellow barrier line had been painted and where a highway sign had been erected warning Wilburn and others to keep within the westbound lane at that location. It is good basic common sense to assume and declare that Wilburn had a full and perfect right to enter his own driveway, . . . regardless of the clear necessity of crossing to the left of a yellow barrier line in order to make that entrance.' "

Section 46-405, Code of Laws of South Carolina 1962 is similar to section 8192, Mississippi Code 1942, Rec. The South Carolina statute provides that "No person shall turn a vehicle . . . to enter a private road or roadway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." Crossing a yellow line at an intersection is not necessarily a negligent act, but it is a question for the

jury whether or not such crossing could have been safely made. Appellee's instruction No. 11 instructed the jury that the driver of a pickup truck was not under a duty to determine if vehicles were traveling in his direction over the hill, for such vehicles would be beyond the view of a careful and prudent driver keeping a careful lookout. Negligence is the doing of some act which ordinarily reasonable, prudent men would not have done under the same or similar circumstances. Reading certain instructions together, we think the jury was properly instructed, and we believe the court properly refused appellant's requested instruction.

It is our opinion that this case was properly tried and the result was within the province of the jury, and that no error was made in granting instructions on behalf of appellee or in refusing the instruction requested on behalf of appellant. The case is therefore affirmed.

Affirmed.

*Lee, C. J., and Ethridge, Rodgers and Brady, JJ.,* concur.