193 So.2d 735 (1967)
Larry Clyde BAXTER, a Minor, by Clyde Baxter, Father and Adult Next Friend,
v.
Herman D. ROUNSAVILLE, Jr.
No. 44208.
Supreme Court of Mississippi.
January 16, 1967.
*736 Carl E. Berry, Jr., Hattiesburg, for appellant.
M.M. Roberts, Hattiesburg, for appellee.
*737 RODGERS, Justice.
This is a suit brought by appellant, Larry Clyde Baxter, a minor, to recover damages for personal injuries alleged to have occurred as a result of an automobile collision with a truck driven by appellee, Herman D. Rounsaville, Jr. The accident occurred on the Old Richton Road within Forrest County, Mississippi, on the 24th day of May 1965. Appellant was driving an automobile in a westerly direction approaching a private driveway located on the northern side of the highway at a time when the defendant was in the process of backing a truck down a driveway into the highway, where the truck collided with appellant's automobile.
The defendant answered the declaration and contended that he was guilty of no negligence, that he "backed his automobile out of the driveway in a careful manner and continued to keep a lookout for others traveling the highway at the time and that the plaintiff came around the curve at an excessive, unlaw(ful) and negligent rate of speed without keeping a proper lookout and without having his motor vehicle under control and ran into the right rear of defendant's automobile at a time when it was impossible for defendant to do anything whatsoever to avoid the accident and that it was the negligence of the plaintiff which contributed to the accident and was solely responsible therefor."
The case was submitted to the jury on the evidence introduced and instructions of the court. The jury returned a verdict in favor of defendant, Herman D. Rounsaville, Jr.
Appellant contends on appeal that the trial court erred in permitting testimony with reference to the speed of the plaintiff's car one-fourth mile from the scene of the collision; that the court erred in granting an instruction to defendant which was misleading, and failed to include a proper definition of time; that the court erred in permitting the defendant, in the presence of the jury, to develop evidence that the plaintiff had been involved in prior accidents; that the court erred in permitting testimony with reference to the record of his army service; that the court erred in overruling appellant's motion for a judgment notwithstanding the verdict and motion for a new trial as to liability and damages; and that the verdict was contrary to the overwhelming weight of the evidence.
The testimony in this case shows that the defendant, Herman D. Rounsaville, Jr., lives approximately five miles east of Petal, Mississippi, on the Old Richton Road. His home is located on the north side of the highway and sits upon a small hill. His driveway goes downgrade from his house to the highway. The testimony further shows that on the east side of defendant's driveway, there is a curve in the Richton Road. The embankment on the north side of the highway had grown up with weeds and bushes so that defendant could see approximately 150 feet, but that he did not see plaintiff's automobile as it approached, although he looked to the east and west before entering the highway. Defendant intended to travel toward the east.
The testimony also shows that when the plaintiff came down the highway and around the curve just east of the private driveway, he was driving at forty-five to fifty miles an hour. Plaintiff, appellant here, contends that as he came around the curve, the defendant backed rapidly out of the driveway straight across the road and that he had no room to go around the truck, and that at the time he saw the truck he was driving approximately forty miles an hour. The plaintiff skidded his car fourteen feet as he tried to go to the left or back of defendant's truck. After the accident he was hurting all over, his shin was skinned, some small cuts or knots appeared on his head, his neck and back were hurting, the muscles in the back of his neck were tight, and he experienced difficulty in moving his head. Appellant spent eight days in the Methodist Hospital.
*738 During the trial, the defendant, appellee here, introduced two witnesses who were permitted to testify over the objection of plaintiff as to the speed of plaintiff's automobile at a point on the highway approximately one-fourth mile from the scene of the accident. These witnesses were asked "Was he going fast?", and both replied, "He was going fast." They testified on cross-examination that they did not see the accident since plaintiff's automobile passed out of their sight as it went around the curve. One of the witnesses testified, however, that she heard the noise from the impact of the collision. These witnesses followed plaintiff around the curve and arrived at the scene of the accident before either of the parties had gotten out of their automobiles.
Appellant points out that this Court has held that evidence as to the speed of an automobile at a place some distance removed from the scene of an accident is not admissible to show the speed of the automobile at the scene of the accident unless it can be shown that the vehicle continued from the place in question to the point of collision at the same rate of speed. Barrett v. Shirley, 231 Miss. 364, 95 So.2d 471 (1957); Gough v. Harrington, 163 Miss. 393, 141 So. 280 (1932). This type of evidence is often rejected because it is too remote. However, evidence as to the speed of a motor vehicle just prior to and a short distance away from the scene of a collision may bear upon the rate of speed at which it was traveling at the time of the accident. Townsend v. Adair, 223 Ala. 150, 134 So. 637 (1931); Bains Motor Co. v. LeCroy, 209 Ala. 345, 96 So. 483 (1923). It is, therefore, accepted as a general rule that the admission of evidence as to the speed of a vehicle just prior to the time of an accident rests largely within the sound discretion of the trial judge. 9 Blashfield, Cyc. Automobile Law and Practice, § 6235, pt. 2 at 700 (Per. ed. 1941).
We would not reverse this case solely upon the ground that the trial court permitted testimony to be introduced as to the speed of plaintiff's automobile one-fourth of a mile away, because of the fact that two witnesses immediately followed plaintiff's vehicle to the scene of the accident. We cannot say that the trial judge abused his discretion in admitting this evidence.
Plaintiff further complains, on appeal, that the following instruction was erroneous:
"The Court instructs the jury for the defendant that if you believe from a preponderance of the evidence in this case that the plaintiff was traveling at a high and excessive rate of speed on the occasion of the accident and that he did not see the defendant's automobile until about 25 or 30 feet away from it, and if you further believe that the plaintiff could have seen the defendant by the use of ordinary care for a distance sufficient to stop with safety, and if you further believe that the plaintiff was not keeping a proper lookout for the protection of himself and others on the road in question and that this failure on his part was solely responsible for the accident, and that defendant was free from negligence, then it is your sworn duty to find for the defendant."
Plaintiff objects to this instruction upon the ground that it was misleading under the facts in the case then before the jury. We agree, for the following reasons.
The testimony fairly shows that defendant backed from the private driveway at his home, a place where he was obviously familiar with the surrounding terrain, including the curve in the road into which he was backing. He was aware that he could not see down the road toward the curve for more than 150 feet because, "(A)t the time of this collision * * * the embankment on the northerly side of that highway was grown up with weeds and bushes." The defendant backed into the plaintiff's right lane of traffic on the highway approximately six feet before he *739 discovered plaintiff's automobile skidding toward him approximately fifteen feet away.
The instruction complained of informed the jury that if the plaintiff saw, or could have seen, defendant's automobile by the use of ordinary care within a space in which plaintiff could have stopped, and if he were not keeping a proper lookout on the road in question, he could not recover damages if defendant were free from negligence.
The foregoing instruction is erroneous because it assumes as a matter of fact that defendant was either in the highway at a place where the plaintiff could see him in time to avoid an accident or it assumes as a fact that the plaintiff should have seen defendant in his private driveway and should have stopped to allow him the right to enter the highway. Both of these assumptions are incorrect.
First, it is erroneous because the law does not require the operator of an automobile traveling at a lawful rate of speed to stop or even to reduce the speed of his vehicle merely because he sees another vehicle on the highway, unless he sees, or by the use of ordinary care should have seen, that the other automobile is in a place of peril; or that the vehicle is about to be situated in a place of danger; or that the conditions surrounding the driver are such that he, as a reasonable and prudent driver, should realize that a hazardous situation exists at that place and that an accident is likely to occur for that reason. 60 C.J.S. Motor Vehicles § 292 (1949). Compare the following cases. Mississippi Power and Light Company v. Harrell, 176 Miss. 749, 170 So. 229 (1936) is a case where the driver of an automobile saw a mule and continued to approach it until it suddenly turned across the road in front of him. The Court held that the driver was not liable on the ground of negligence in running into the mule. On the other hand, in the case of Edwards v. Murphree, 249 Miss. 78, 160 So.2d 689 (1964), the driver knew the surrounding conditions and "was familiar with this particular road, having traveled it frequently, he knew, or should have known, the necessity for being cautious and having his car under control." 249 Miss. at 84, 160 So.2d at 692. This Court upheld a judgment in that case in favor of the truck driver making a left-hand turn off the highway. The question of stopping to avoid an immediate hazard is therefore a question of fact to be passed upon by the jury under proper instructions.
Second, this instruction should not have been given because it relieves defendant of liability if the plaintiff could have seen defendant's vehicle at a sufficient distance to have stopped with safety and does not take into consideration plaintiff's evidence that the defendant suddenly backed his truck into plaintiff's view from the private driveway at a place grown up with bushes and weeds.
The Legislature of Mississippi has established the policy of the State requiring the driver of a vehicle about to enter or cross a highway from a private driveway to yield the right-of-way to all vehicles approaching on the highway. Miss. Code Ann. § 8198 (1956). Stewart v. Madden, 233 Miss. 206, 101 So.2d 353 (1958).
It is true that one who is driving along the highway must exercise ordinary care to avoid colliding with or striking a vehicle emerging from a private driveway, and if he travels at an excessive rate of speed this may be shown to be the sole cause of the accident. However, one using the highway in a lawful manner is not required to discover the location of all private ways, lanes and roads leading into the highway, no matter how obscurely or indefinitely marked they may be, or how difficult it may be for one operating an automobile over highways with which they connect to discover them while exercising ordinary care. Snibbe v. Robinson, 151 Md. 658, 135 A. 838, 50 A.L.R. 280 (1927). The driver of a motor vehicle on a main thoroughfare *740 is not required to watch for the sudden emergence of vehicles from unknown, private driveways with the same vigilance as is required of him in watching the highway ahead and intersecting highways. He is not required to anticipate the unexpected event of a motor vehicle suddenly issuing forth from private grounds and crossing the highway in front of him. The law does not require the driver of a motor vehicle on the highway to look across bushes and hedges and behind obstructions to discover whether or not another vehicle is about to suddenly emerge on the thoroughfare. Uhl v. Fertig, 56 Cal. App. 718, 206 P. 467 (1922); Bracken v. Curtiss, 109 Conn. 573, 145 A. 23 (1929); Bohn v. Deyo, 66 Ohio App. 500, 35 N.E.2d 451 (1940); Woodward v. O'Driscoll, 44 R.I. 487, 118 A. 869 (1922); 2 Blashfield, Cyc. Automobile Law and Practice, § 1498, Sudden Appearance Doctrine, (Per. ed. 1935).
Appellant next complains that in the trial court he objected to testimony elicited from him and his mother on cross-examination in an effort to show that appellant had other highway accidents at other times. The defendant claimed the right to introduce this evidence by cross-examination in order to show the extent of the injury and to show that prior accidents were a part of, and contributed to, the damages for which appellee was being sued. The defendant-appellee had a right to show that other accidents caused the injury for which the suit was being brought or that such prior injury contributed to plaintiff's disability. 25A C.J.S. Damages § 146 at 30 (1966). In the instant case, however, the testimony went much further than an effort to show extent of the injury. The implication created by such questions as: "Was that when he had an accident and ran into a cow? He did run into a cow didn't he?" showed negligence in previous accidents which were disconnected, and this evidence was prejudicial. Questions relating to plaintiff's discharge from the Air Force were unrelated to the accident here involved and were also irrelevant and prejudicial. The general rule in most jurisdictions is that where "either party to an automobile accident, in which the injury sued for was sustained, had prior thereto been a party to similar occurrences (such evidence) is inadmissible to show negligence." 9 Blashfield, Cyc. Automobile Law and Practice, § 6210, pt. 2 at 663 (Per. ed. 1941); Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470 (1933). We are of the opinion that introduction of evidence with reference to the cause of previous accidents under the facts in the instant case was prejudicial and is reversible error.
The argument of appellant that the verdict and judgment were contrary to the weight of the evidence and law is persuasive. However, we are of the opinion that the case should be submitted to another jury inasmuch as defendant testified that at the time he saw plaintiff's automobile it was fifteen feet away and was skidding toward him at "approximately seventy miles an hour." This testimony raised a question for the jury, not only as to proximate cause but as to the amount of damages growing out of contributory negligence, if any. The issues as to negligence and damages will be submitted to another jury.
This case is reversed and remanded for a new trial in accordance with the foregoing opinion.
Reversed and remanded.
GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.