TENDALL v. DAVIS, Agent.

[91 South. 701. No. 22617.]

1. NEGLIGENCE.   *Contributory negligence diminishes damages.*

Under section 502, Hemingway's Code (Laws 1910, chapter 135, section 1), the jury must diminish damages in proportion to the contributory negligence of the person injured, and, when it manifestly appears that the jury has failed to do so, the court will not permit the verdict to stand.

2. APPEAL AND ERROR.   *Failure to move for new trial defeats review as to inadequacy.*

Failure to move for a new trial in the lower court defeats a review here as to inadequacy of damages awarded.

APPEAL from circuit court of Marshall county.

HON. W. A. ROANE, Judge.

Action by Leo Tendall against Jas. C. Davis, Agent, etc. Judgment for plaintiff, who appeals on the ground that the amount of recovery in inadequate.   Affirmed on direct and cross-appeals.

*R. H. Knox,* for appellant.

The court told the jury in instruction 7, for appellee that "the only ground of negligence relied upon by the plaintiff is the alleged fact that the train was moving at a greater rate of speed than six miles per hour, etc. While at the same time he gave instruction No. 3 for the appellant, that if the jury believes from the evidence in the case that there were box cars stationed on a side-track near where the defendant set his grip down, or near where he was, that obstructed the plaintiff's view from the approaching train that did the injury and that he exercised ordinary care to avoid injury to himself and that in all probability he would not have been injured if it had been possible for him to have seen or heard the approaching train, then the plaintiff was not guilty of contributory negligence and in assessing damages for the plaintiff should you find for him, you should deduct nothing therefrom for the contributory negligence of the plaintiff if you further find that said train was running at an unlawful rate of speed."   If this was not enough to confuse the jury and make them do unnatural things we respectfully submit that instruction 8 will cinch the proposition.

In this instruction the court peremptorily instructed the jury that: "The facts show the plaintiff to have been guilty or gross contributory negligence, and that even though you may believe the employees guilty of negligence, the contributory negligence of the plaintiff must be considered to mitigate the damage.   This instruction, as well as instruction No. 7, was, as we see it, a fatal error under the facts in this case, taken in connection with ·the other

instructions in the case. But we shall not dwell further upon these matters since the jury has found for the plaintiff and assessed the damages at one hundred and seventy-eight dollars only, which amount the jury evidently figured was his actual expenses, loss of time, etc., which would leave nothing for the injury complained of. ·

Authorities. The verdict of the jury in this case was a finding that the appellant's injury was caused by reason of the negligence of appellee and under these circumstances this court said in the case of *Henry Scott* v. *Yazoo & Mississippi Valley R. R. Co.*, 103 Miss. 522 to 524, that: "The jury having found that plaintiff's injury was caused by reason of the negligence of appellee, it thereby became its duty to render such a verdict as would fairly compensate him, not only for his actual money loss but also for his suffering and disability. The verdict rendered which was for the sum of one hundred dollars is so grossly inadequate as to indicate that, arriving at its verdict, the jury was influenced by passion, prejudice or corruption."

This court in 115 Miss. 199, in the case of *Walker Brothers* v. *Nicks,* held that a judgment for two hundred dollars was inadequate and reversed the case and remanded the cause for a new trial as to the amount of damages only. In the case of *Suitberry* v. *Meridian Fertilizer Factory,* reported in 106 Miss. 754, Judge Cook characterizes the award of two hundred dollars as being less than "the market price of a good mule."

We submit that this case should by this court be reversed and remanded for another trial upon the question of damages alone.

*May, Saunders & McLaurin,* for appellee.

Appellant's brief concludes in this language: "We submit that this case should by this court be reversed and remanded for another trial, upon the question of damages alone." ·

Since there was no motion for a new trial in the court below, and no objection was there made to the verdict or judgment on the ground that the amount thereby allowed was inadequate the objection cannot be urged for the first time on appeal. *Coccora* v. *Vicksburg Light & Traction Co.,* — Miss. —, 89 So. 257.

We respectfully urge that the judgment should be reversed and the cause dismissed on appellee's cross-appeal because it appears by plaintiff's testimony, as well as the testimony of defendant, that the sole negligence of appellant in stooping too near the track as the .train approached approximately caused such injury as he received.

The testimony being in conflict on the speed issue, we will concede that the train was proceeding slightly in excess of the lawful rate of speed when appellant was struck. This court has expressly held, however, that the excessive rate of .speed must be the proximate cause of the injury to entitle the injured person to recover. .*Clisby* v. *Railroad Co.,* 78 Miss. 937; *Billingsley* v. *Railroad Company,* 100 Miss. 612, 56 So. 790.

Our case may rest upon either. of the two propositions, namely; first, the sole negligence of the injured person, the appellant, in suddenly thrusting himself into the path of the approaching train; or second, that the excessive speed was not the proximate cause of the injury. That such conduct of appellant was negligent, is squarely settled by the declarations of Mr. Justice ANDERSON, on behalf of this honorable court, in the case of *I. C. R. R. Co.* v. *Laitker,* 98 Miss. 451; *I. C. R. R. Co.* v. *Calhoun,* 68 So. 443; *Railroad Co.* v. *Smith, supra; Beasley* v. *Railroad Co.,* 91 Miss. 268, 45 So. 864; *Railroad Co.* v. *Frazier,* 104 Miss. 372, 61 So. 547. Other authorities to the same effect are cited below. *Milwaukee, etc., Ry. Co.* v. *Kellogg,* 94 U. S. 469, 24 Law. Ed. 475; *Pitts So. R. R.* v. *Taylor,* 104 Penn. 306-315, 49 Am. Rep. 580; *R. R. Co.* v. *Howell,* 75 Miss. 242, 21 So. 746; *Billingsley* v. *R. R. Co.,* 100 Miss. 612, 56 So. 790; *A. T. & S. F. Ry. Co.* v. *Calhoun,* 213 U. S. and the cases therein cited.

The real test to be applied to this case is not whether the plaintiff was struck by the train while it was running at an unlawful speed, but whether plaintiff was injured because of the unlawful speed. When it is remembered that all the testimony on the point shows that the plaintiff was struck the instant he placed himself within the sweep of the train, or in other words, as one of plaintiff's witnesses said: "He said, what is the matter, and why all this crowd, and I told him, Leo, you tried to butt the train off of the track and could not do it." There can be no escape from the conclusion that the plaintiff would have been struck by the pilot beam regardless of the rate of speed, and therefore, no causal connection is shown, and the peremptory instruction should have been given.

Under the facts disclosed by this record and the authorities above cited and quoted, we respectfully and confidently submit that there was nothing for the jury to pass upon, and the peremptory instruction should have been given. In these circumstances, the judgment should be reversed and the case dismissed.

Holden, J., delivered the opinion of the court.

This is a direct appeal by Leo Tendall, who recovered a judgment for one hundred and seventy-eight dollars against the Illinois Central Railroad Company as damages for personal injuries sustained by him on account of being struck by a locomotive, and the railroad company cross-appeals. The complainant of the appellant here is that the amount allowed him by the jury is inadequate, and the railroad company cross-appeals on the ground that it was entitled to a peremptory instruction against liability, because the injury was not proximately due to the negligence of the railroad company in the unlawful rate of speed.

The injury occurred in the following manner: The appellant had deposited his hand baggage near the railroad track at the depot where he intended to board the passenger train; when the passenger train approached the depot he

proceeded to where his baggage was located, and stopped over to pick up his suit case, when he was struck by the pilot beam of the engine and seriously hurt; the train was proceeding to the usual stopping place for passengers, and the injury was due to the fact that appellant, in stooping over to pick up his suit case, got too close to the track, within the danger zone, and the protruding pilot beam struck him. The conflicting testimony in the case shows that the train was running at an unlawful rate of speed at the time of the injury, and it is claimed by the appellant that the excessive speed was the proximate cause of the injury, while the railroad company contends the negligence of the appellant was the sole cause of the injury, and not the speed.

We think the direct appeal on the ground of inadequacy of damages allowed is untenable for the reason that the appellant was guilty of gross negligence in going so near the track as to be struck by the pilot beam, and the jury therefore was warranted, under our contributory negligence statute, in diminishing the amount of damages, as they did, in proportion to the negligence of the injured party. There seems to be no excuse or mitigating circumstances in this case upon which the appellant could have reasonably acted in walking into the dangerous place in front of the approaching train which he could plainly see, hear, and possibly feel, before it reached and struck him.

The contributory negligence statute was enacted to prevent a bar of recovery where the injured person was guilty of negligence proximately contributing to the injury; but it also plainly means that the amount of damages awarded to the injured party must be diminished in proportion to his own negligence which contributed to the injury. This court has so held, and we merely repeat the rule in again announcing that it is the duty of the jury to diminish on account of contributory negligence, and, where it is manifest that the jury has failed to do so, the court will not permit the verdict to stand. Therefore we are of opinion that the jury was eminently correct in diminishing the

amount of damages in this case, and the one hundred and seventy-eight dollars is not inadequate in view of the gross negligence of the main appellant. *Y. & M. V. R. R. Co.* v. *Williams,* 114 Miss. 236, 74 So. 835.

Appellant made no motion for a new trial in the lower court. This would defeat his appeal as to inadequacy of damages. *Coccora* v. *Vicksburg Light & Traction Co.,* 126 Miss. 713, 89 So. 257.

It is our judgment also that the cross-appeal is without merit, for the reason that the testimony, though disputed, shows that the train was moving at an unlawful rate of speed at the time of the injury, and it was well within the province of the jury to find that the excessive speed proximately contributed to the accident, because it was clearly within the bounds of reason to infer that, had the train been running at six miles an hour instead of twenty when it struck appellant, he probably would not have been at the place of danger when the train reached that point. A few seconds of time in such a case might have caused a different story. At all events we cannot say that the finding of the jury is not reasonably supported by the evidence. This being true, the cross-appeal must fail.

The judgment of the lower court on direct and cross-appeal is affirmed.

*Affirmed.*