BANKSTON *v.* DUMONT.

In Banc.   Feb. 14, 1949.

(38 So. (2d) 721)

**L. Arnold Pyle,** for appellant.

274

**Harold Cox,** for appellee.

**Montgomery, J.**

Mrs. Ola Blankston sued Oscar Dumont in the Circuit Court of Hinds County for $5,000, actual and punitive damages for an alleged trespass. Appellant, Mrs. Bankston, was a saleslady in Dumont's store on Capitol Street in Jackson. Appellant contends that appellee went into her purse, which she kept under a counter near the cash register in appellee's store, and removed therefrom a lady's slip, which she had taken out of stock and had told Mrs. Davis, another saleslady in the store, that she was going to have Mr. Dumont charge to her as soon as he returned to the store, he then being out for a short period. Appellant also charges that the appellee, in addition to removing the slip, also removed from her

purse a ten dollar bill, belonging to her. At the conclusion of the trial, the lower court granted the defendant below, appellee here, a peremptory instruction to find for the defendant, and judgment was there so entered, and Mrs. Bankston appeals from that judgment.

It is not necessary that we here consider the alleged trespass in removing the slip from Mrs. Bankston's purse, for we must reverse the judgment of the lower court because the case made out regarding the ten dollar bill.

Trespass de bonis asportatis is a common law action brought by an owner of goods to recover damages for taking and carrying them away, and it is no defense that the defendant afterward returned the goods. ▮▮▮ An unlawful interference with, or exercise of ownership over, property to the exclusion of the owner, is sufficient to sustain the action, actual, forcible dispossession being unnecessary. 63 C. J., Section 130, page 966. Consequently, when Mrs. Bankston charged in her declaration that Dumont, without her permission, opened her purse and went into it and removed therefrom a ten dollar bill belonging to her and carried it away, without her consent, she stated a good cause of action against him. Wilson et al. v. Kuykendall, 112 Miss. 486, 73 So. 344; Bonelli et al. v. Bowen, 70 Miss. 142, 11 So. 791; Commercial Credit Company v. Spence, 185 Miss. 293, 184 So. 439; D'Aquilla v. Anderson et al., 153 Miss. 549, 120 So. 434.

The only question we are called upon to decide is whether or not the lower court erred in granting a peremptory instruction for the defendant. This is the sole ground in the assignment of error.

▮▮▮ In 53 Am. Jur. 273, Section 340, it is said that a motion for a directed verdict is a quasi admission of the truth of the evidence. It admits the facts stated in the evidence adduced, and it admits as true every fact which the evidence tends to prove, and any favorable conclusion in behalf of the adverse party that a jury

might fairly and reasonably infer from the testimony. Thus, the defendant, by motion for a verdict on the evidence introduced by plaintiff, admits not only the testimony to be true but also every conclusion which a jury might fairly or reasonably infer therefrom so far as the ruling on the motion is concerned. The same text on page 281, Section 348, further states that the question for a trial court in considering the direction of a verdict is whether admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with the inferences and conclusions to be reasonably drawn therefrom, and eliminating all conflicting facts and inferences, there is enough competent evidence to sustain a verdict should the jury find in accordance therewith. This same text on page 281 thereof, Section 349, further states: "A motion for a directed verdict invokes the consideration by the court of the validity of the assertion that the evidence is sufficient to support a verdict for the movant and that reasonable men can reach no other conclusion. In deciding a motion for a directed verdict the court must consider the evidence in a light most favorable to the party against whom the motion is directed; his evidence must be taken as true, every controverted fact must be resolved in his favor, and the strongest inferences reasonably deducible from the most favorable evidence should be indulged in his favor."

In Masonic Corporation v. Dennis, 175 Miss. 855, 168 So. 613, 165, this Court said: "It is the rule in Mississippi that everything must be considered as proved which the evidence establishes directly or by reasonable inference against that party who asks a peremptory instruction."

In Stricklin v. Harvey, 181 Miss. 606, 179 So. 345, 348, it was stated: "We are of the opinion that the action of the court in refusing the peremptory instruction for the appellant was correct, for the reason that everything must be considered as proved which the evidence estab-

lishes, directly or by reasonable inference, against the party asking for a peremptory instruction.''

To this same effect is the holding in Graves et al. v. Johnson et al., 179 Miss. 465, 176 So. 256; Scally v. Wardlaw, 123 Miss. 857, 86 So. 625, and Gow Co. v. Hunter, 175 Miss. 896, 168 So. 264.

██ ██ Let us examine the evidence in the light of these well-established rules of law. Mrs. Bankston testified that when Mr. Dumont came back into the store, she was waiting on a customer in the rear of the store. She noticed M. Dumont was in the cabinet where the salesladies kept their purses and that he shut the door quickly. When she got through with the customer, she went up there and got her purse and it was almost open—''wasn't zipped up''—and she then looked at her billfold and it was unzipped. The $10 bill was gone. She accused Dumont of taking the bill and he gave it back to her. The bill he gave her was introduced in evidence, though she admitted she could not swear it was the same identical bill he had taken. On cross-examination, she was asked: ''But you didn't see Mr. Dumont go in your purse, open your purse, or take anything out of your purse?'' Answer, ''Mr. Dumont admitted it.''

Mrs. Hazel Davis, another saleslady who was in the store at the time, testified in response to the question, ''During the time that Mrs. Bankston and Mr. Dumont were upstairs, when Mrs. Bankston came back to the store, and they were up there talking about the incident, did you hear anything about a ten dollar bill at all at that time?'' ''No, I didn't hear them mention the ten dollar bill, I didn't hear that. The only thing I heard was why he went in her purse and took the ten dollars and he said, ''I don't know why I did it.''

We think this evidence was sufficient to take the case to the jury, and that the lower court erred in granting a peremptory instruction for the defendant. For this error, the cause will be reversed and remanded.

Reversed and remanded.