McMILLIN, C.J.,
for the Court:
¶ 1. This case comes to the Court as an appeal from a grant of summary judgment in favor of the defendant, Philip Lee Smith. Smith and a number of other individuals and entities were sued by Linda Ann Singley and her husband, Steven Dale Singley, for injuries received by Mrs. Sing-ley at a fund-raising event sponsored by a school parent-teacher organization. The Singleys’ claims against all defendants except Smith were settled. Smith was granted summary judgment based on a finding that he was a public employee acting within the course and scope of his official duties and, thus, entitled to statutory sovereign immunity. The Singleys have appealed, claiming that there is a disputed issue of fact as to whether Smith was acting in his official capacity when he committed the acts that the Singleys contend were proximate contributing causes of Mrs. Singley’s injury. We agree and reverse and remand for further proceedings.
I.
Facts
¶2. The Oak Grove PTO, Inc., sponsored an event known as the Fall Festival. The event was, with the consent of school authorities, held on the grounds of Oak Grove Attendance Center, but was held outside normal school hours and was not an officially sanctioned school activity. It was intended to be a fund-raising function open to the general public. One of the fund-raising activities at the 1994 festival was a baseball throw booth where participants were permitted to throw a baseball against a backstop and a radar gun was used to “clock” the speed of the thrown baseball. The Oak Grove athletic booster club, which is not the same organization as the Oak Grove PTO, undertook to construct and operate the booth and the money derived from its operation (or, at least, a substantial part of the money) was to be used by the booster club for sports equipment that could not otherwise be afforded by the school.
¶ 3. The booth was constructed and set up at the site by members of the school’s baseball team under Smith’s direction. Smith was on the faculty at Oak Grove and served as the assistant baseball coach. At the time of Mrs. Singley’s injury, the actual oversight of the booth’s operation was also being handled by Smith.
¶ 4. At some point during the course of the event, an individual participating in the baseball throw event threw a baseball that went astray, missed the backstop, and struck Mrs. Singley in the face, severely injuring her eye. She was, at the time, standing on the school grounds near the cafeteria waiting on her daughter, who was finishing her volunteer work at another booth.
¶ 5. The Singleys claim that Smith was negligent in designing and operating the booth by failing to provide adequate safeguards to prevent errant throws from striking unsuspecting festival attendees.
¶ 6. Smith’s motion for summary judgment did not contest the allegation of negligence. Rather, he claimed that he was entitled to immunity from personal liability under Section 11-46-7(2) of the Mississippi Code, which provides that “no employee [of a governmental entity] shall be held personally liable for acts or omissions occurring within the course and scope of the employee’s duties.” Miss.Code Ann. § 11-46-7(2) (Supp.1998). Smith successfully argued to the trial court that his activities relating to the construction and operation of the baseball throw booth were an integral part of his contractual duties as assistant baseball coach at Oak Grove Attendance Center.
¶ 7. It is from that ruling that the Sing-leys have brought this appeal.
II.
Discussion
¶ 8. Our review of a grant of summary judgment is de novo. Gilich v. *450 Miss. State Highway Comm’n, 574 So.2d 8, 11 (Miss.1990). The question of whether Smith was, as to the relevant matters alleged in the Singleys’ complaint, acting within the course and scope of his official duties as an employee of the school is one of fact at the outset. Since it is a question that, if answered favorably to Smith, ends this litigation, it certainly is a “material fact” within the meaning of Mississippi Rule of Civil Procedure 56(c). The sole question for this Court to resolve, therefore, becomes whether the trial court was correct in concluding that “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue” as to that assertion by Smith. M.R.C.P. 56(c).
¶ 9. In reaching the conclusion that there was no dispute as to whether Smith was acting within the course and scope of his official duties in this matter, the trial court found several things. The court noted that the purpose of the event was to benefit Smith’s employing school’s athletic activities, since the funds dei'ived from the booth went to the school’s athletic booster club, which used the money to buy sports equipment to be donated to the school. The court concluded that Smith would not have been involved in the event’s operation but for his position at the school. The trial court used these findings to conclude that a rebuttable presumption that Smith’s activities were within the course and scope of his employment had arisen by statute because they were “within the time and at the place of employment.” Miss.Code Ann. § 11-46-7(7) (Supp.1998). The court then found that the Singleys had presented nothing that would tend to rebut that presumption, thereby entitling Smith to judgment as a matter of law.
¶ 10. Our de novo review of the same documents relied upon by the trial court shows that Smith stated in his deposition that he was working as a volunteer for the booster club and not in an official capacity and that, in previous years, the booth had been operated exclusively by booster club members. Smith said that he volunteered to operate the booth because he “didn’t feel right with them [booster club members] doing all that work and me not being involved.... ”
¶ 11. Additionally, the Singleys presented an affidavit from the principal of Oak Grove that stated, among other things, that the festival was “sponsored, supervised and controlled by the Oak Grove PTO and their volunteers.” The affidavit said that, although the event was held on school grounds, it was held outside of normal school hours and that, while there were officially sanctioned school activities after school hours, “the Oak Grove Fall Festival ... was not such a function.” Additionally, the principal stated that “[n]o employee under her direction and control [was] required to attend or participate in the festival,” and that, more particularly, “Phillip Smith was neither directed nor expected to work as an employee of the school at the PTO Fall Festival.... ”
¶ 12. Summary judgment is not a shortened procedure to determine where the preponderance of the evidence lies on disputed issues of fact. Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 716 (Miss.1984). It may be that the question of whether Smith was acting within the course and scope of his official duties as assistant baseball coach is one that the trial court, rather than the jury, will ultimately be required to rule upon. See, e.g., Lovett Motor Co. v. Walley, 217 Miss. 384, 64 So.2d 370, 372 (1953) (“The question as to whether or not the servant in the particular instance was acting within the scope of his employment is a question of law for the court if there is no conflict in the facts.... ”). However, that fact does not, of itself, make the question one that can be resolved under summary judgment procedures. Even if the authority to rule on the question lies with the trial court, the parties are entitled to make a full presentation of all available evidence on the issue in open court and to have the opportunity to *451 vigorously test the opposing party’s evidence through cross-examination before the matter can be properly resolved. Even were we to conclude that, based on the evidence now in the record, there was every indication that Smith would prevail on the question after a full development of all relevant evidence, it would be improper to affirm this summary judgment award. The party opposing a summary judgment award, in order to be successful in that opposition, need not present a greater quantum of evidence on the point than the movant. Rather, the opposing party need only present enough evidence to demonstrate that there is a genuine dispute as to the particular material fact on which the movant relies for his entitlement to judgment. Gross v. Chevrolet Country, Inc., 655 So.2d 873, 877 (Miss.1995).
¶ 13. In this case, there is conflicting evidence on the question of whether Smith was acting in the course and scope of his employment in connection with the construction and operation of this baseball throw event. The principal’s affidavit alone is sufficient to suggest that credible evidence exists tending to show that Smith was not acting in an official capacity even though his activities were beneficial to the sports program in which he was officially employed. We specifically reject the trial court’s “but for” analysis to conclude that Smith was undisputedly working in his official capacity at this charitable event. There are many activities that an employee would probably not undertake “but for” his employment. One such activity would be driving from home to the workplace each morning. However, there is no logical basis to conclude that every activity that can be fit into this kind of analysis is an official act within the course and scope of the individual’s employment.
¶ 14. It is the conclusion of the Court that there remains a legitimate disputed issue of fact as to whether Smith was, in the matters pertinent to this case, acting within the course and scope of his employment by a governmental entity and, thus, entitled to immunity from personal liability. That matter can only be resolved after a full development of the facts and circumstances in an adversarial proceeding. Summary judgment, no matter how fully the facts controlling the proper determination of that question are developed, is not the proper procedural method to resolve the issue.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P. JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.