VANNER v. DALTON.

(Division A. March 4, 1935.)

[159 So. 558. No. 31569.]

**D. C. Bramlette**, of Woodville, for appellant.

**W. F. Tucker**, of Woodville, for appellee.

Briefs of counsel not found.

**Smith, C. J.**, delivered the opinion of the court.

This case was begun by the appellee in a court of a justice of the peace on the following written statement of the appellee's cause of action:

"State of Mississippi Wilkinson County.

"In the Justice Court of Frank D'Aquilla. In Second District.

"Nettie Vanner, to Eual Dalton, Dr.

"To damage to one mule in the month of December, 1933, by mule being struck in public road, in Second District of said County and State, by Nettie Vanner's automobile, while same was being operated and driven over and along the public road in a negligent and dangerous manner by Robert Plains, driver and servant of Nettie Vanner .......................... $ 75.00

"Punitive damages for the gross negligence in permitting automobile to be driven upon

the public roads of the said county by Robert
Plains, a feeble minded and dangerous driver
of automobiles, who negligently and reckless-
ly injured the mule ........................    50.00
"Total Damages ........................ $125.00"

From a judgment against her in that court, the ap-
pellant carried the case to the circuit court, wherein the
case was tried de novo by a jury, which returned a ver-
dict against her for seventy-five dollars, and there was
a judgment accordingly.

The appellant's principal complaint is that the court
below should have granted her request for a directed
verdict. The appellee proved the striking of the mule
by an automobile which was being negligently driven
by Robert Plains; that the automobile was owned by
the appellant; and we will assume for the purpose of
the argument that Robert Plains was her servant. The
evidence, however, discloses, without contradiction, that
on the occasion in question Robert Plains was not driv-
ing the automobile in the service of the appellant, but
was on a mission of his own.

The appellee asked for no instruction based on the re-
lation of master and servant, but only on the theory
that if the jury believed that Plains was an habitually
reckless driver, and that this fact was known to the ap-
pellant, and that he was driving the automobile with
her permission, they should find for the appellee.

The appellant's claim to a directed verdict is based on
two grounds: (1) That the statement of her cause of ac-
tion, filed in the court of the justice of the peace, is based
only on the relation of master and servant between the
appellant and Plains; and (2) if mistaken in that, there
is no evidence either that Plains was a reckless driver
or that, if he was, the fact was known to the appellant.
We will lay the first of these contentions to one side and
come at once to the second.

The only evidence that Plains was a reckless driver is that of two witnesses introduced by the appellee. The evidence of the first was:

"Q. Did he have the reputation of being a careful driver? A. No sir.

"Q. Did he have the reputation of being a wild driver? A. Yes, sir."

And of the second:

"Q. Do you know his reputation in the neighborhood in which he lived as a reckless driver? A. Yes, sir.

"Q. What was that reputation? A. He was bad; had a bad reputation."

Two questions, among others, here arise: Is this evidence sufficient proof (1) that Plains was in fact a reckless driver; and (2) that that fact was known, or should have been known, to the appellant.

Whether Plains was a reckless driver is not a fact collateral to the issue, as, for instance, a witness' reputation for truth and veracity, but is one of the issues made by the appellee's statement of his cause of action, assuming for the purpose of the argument that his statement thereof is sufficient therefor; and the appellee must here prove, first, that Plains was in fact a reckless driver, and, second, that that fact was known, or should have been known, to the appellant. The authorities all hold that, where one is responsible for the negligence of another, only when such other is incompetent for the doing of the act out of which the negligence grew, and his incompetency was known to the one sought to be charged with the negligence, after incompetency has been proved the knowledge thereof is provable by reputation for incompetency. But they seem to be divided as to whether the fact of incompetency is provable by reputation therefor. In 3 Labatt's Master & Servant (2 Ed.), section 1094, it is said that: "In some cases it has been argued that the servant's reputation for incompetency is evidence

that he was actually incompetent, and not simply a circumstance which put the master upon inquiry as to whether he was or was not competent. But this contention has always been rejected." According to Mr. Wigmore, evidence of reputation for incompetency is relevant to the fact of incompetency itself. 1 Wigmore on Evidence (2 Ed.), sections 80 and 1622. See, also, 39 C. J. 1036; 10 R. C. L. 961 and note to McQuiggan v. Ladd, 14 L. R. A. (N. S.) at page 760.

The question seems not to have been decided by this court (cf. Anderson v. Daniel, 136 Miss. 456, 101 So. 498; Herrmann v. Maley, 159 Miss. 538, 132 So. 541, 542; Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318), and it will not be necessary for us to decide it here, for the reason that reputation of incompetency, if relevant to the fact of incompetency, is of itself alone "inconclusive, and needs to be reinforced." Wigmore, op. cit., sec. 208. There is no evidence here whatever to reinforce that of reputation. The judgment of the court below will be reversed, and judgment will be rendered here for the appellant.

So ordered.