WILLIAMS *v.* HILL

No. 43667          December 13, 1965          181 So. 2d 121

*Clark, Townsend & Davis,* Indianola, for appellant.

*Lyon & Crosthwait,* Indianola, for appellee.

Inzer, J.

This is an appeal by Frank J. Williams from a judgment of the Circuit Court of Sunflower County, wherein appellee, Arnold Ralph Hill, obtained a judgment for personal injuries and property damages against appellant and James Wylie Beard in the amount of $39,000. Beard did not appeal, and the judgment is now final as to him.

Appellee, Arnold Ralph Hill, hereinafter called Hill, suffered serious and permanent personal injuries, and his 1960 Chevrolet car was destroyed, in a collision with a 1958 GMC pickup truck driven by Beard. The collision occurred on Highway 82 about 3:45 a.m. on October 6, 1963. Hill was proceeding east on said highway, driv-

ing his car with his wife and child as passengers. When he reached a point about two and four-tenths miles west of Indianola he met the 1958 GMC pickup truck driven by Beard. When Beard's vehicle was only a short distance in front of Hill's car, it suddenly swerved to the left into Hill's lane of traffic. In an attempt to avoid a collision, Hill swerved his car to the right, but in spite of this effort, the pickup truck struck his car, knocking it down an embankment. As a result of the accident Hill and his wife suffered severe injuries, and their child was killed. Beard was severely injured also.

Hill alleged in his declaration that the pickup truck driven by Beard was the property of appellant, hereinafter referred to as Williams, and that Beard was an employee of Williams and at the time of the accident was driving the vehicle with the consent of Williams. The declaration further charged that it was well known in the community where Beard lived that he was a habitually careless, reckless and drunken driver, and that this fact was known to Williams or in the exercise of reasonable care should have been known to him.

Williams answered and denied that the pickup truck belonged to him, or that Beard was his employee at the time of the accident, or that the vehicle was being operated with his knowledge or consent. He also denied that he had any knowledge, actual or constructive, that Beard was a habitually careless, reckless and drunken driver. Beard did not answer, and was not represented by counsel in the trial of the case.

The main contention of Williams on this appeal is that the trial court was in error in refusing to instruct the jury to find for him.

The evidence relative to the issue raised as to the liability of Williams consists mainly of the testimony of Beard and Williams elicited by Hill on cross-examination of them as adverse witnesses. Hill had no personal knowledge relative to the ownership of the pickup

truck. Beard testified that he had bought the pickup truck from Williams and his partner, Hocutt, on or about November 1, 1962. He said that at the time he bought the truck he was working for Williams as a dragline operator, and that he had paid $200 for the truck, paying it by installments of $50 per month. He admitted that he had never received any bill of sale for the truck and that after he bought it he had never changed the license tag that was on it at that time. He further said that he had never driven the pickup truck prior to the time that he purchased it. He admitted that he had been convicted of drunken driving on two occasions prior to the accident. One conviction was in November 1964 at Louise, and the other was some four or five years prior to the accident in Belzoni. He denied that he was employed by Williams at the time of the accident. He claimed that he was working for Cohen Construction Company at that time. He denied that he was drinking at the time of the accident, but admitted he had a bottle of liquor in the truck at that time.

Williams, as an adverse witness, testified he was in the construction business in partnership with Hocutt. He said Beard had worked for him as a dragline operator off and on for several years, but was not working for him at the time of the accident. The dragline which Beard had operated for him had been leased to Cohen Construction Company in October 1963, and Cohen had employed Beard to operate the dragline. He said Beard was paid by Cohen, and that he had nothing to do with the work that Cohen was doing for the United States Engineers on Quiver River. He also testified that he had sold the truck to Beard in the fall of 1962 for $200, which was paid at the rate of $50 per month. He admitted that he had never given Beard a bill of sale for the truck, and that he had applied for the tag for the truck and did not remove the tag when he sold it to Beard. It was his opinion that the tag was issued in

the name of Williams and Hocutt. When asked about his knowledge of Beard's habit of drinking he said he had heard that Beard drank, but no more than anyone else. He had never seen Beard drunk and had never seen or heard of Beard drinking while on the job. He also denied that he had any knowledge or had ever heard of Beard being convicted of drunken driving or knew that Beard did not have a driver's license. He said he had seen Beard about 8:00 p.m. on the evening before the accident and had had a cup of coffee with him in a cafe, but that if Beard was drinking at that time he could not detect it.

There was no other evidence relative to the ownership of the pickup truck. The only other evidence relative to Beard's habit of drinking was the testimony of the highway patrolman who investigated the accident. He testified that when he investigated the accident shortly after it happened, in his opinion Beard was drunk. He said he found a one-half pint bottle nearly full of liquor on the floor of the cab of the truck and a beer can with some of the contents still in it outside of the truck.

At the conclusion of the testimony on behalf of Hill, a motion was made by Williams for a peremptory instruction, which was overruled. The only evidence introduced by Williams was his own testimony, and he testified that since being examined as an adverse witness he had found the tag receipt for the pickup truck. It showed the tag had been issued in the name of Williams and Hocutt in October 1962. After the conclusion of the evidence, Williams requested the court to instruct the jury to return a verdict in his favor. This request was denied.

■■ ■ We are not concerned on this appeal with the question of negligence of Beard relative to the accident, but are concerned with only the question of whether there was sufficient evidence to sustain a judgment against Williams. In order for Hill to recover from

Williams in this case it was necessary for him to prove that the vehicle involved in the accident belonged to Williams and that it was being operated by Beard with the consent, either expressed or implied, of Williams. In addition thereto he was also required to prove either that Beard was a careless, reckless or drunken driver, or that he had the reputation of being a habitually careless, reckless or drunken driver, and that this fact was known to Williams or that it was so notorious that as a reasonable man it should have been known to him. If it be conceded that under the facts and circumstances of this case that there was sufficient evidence to submit to the jury the question of whether the vehicle involved in the accident was owned by Williams and was being operated by Beard with his consent, we do not think there was sufficient evidence to submit to the jury the question of whether Williams knew or should have known that Beard was, or had the reputation of being, a habitually careless, reckless or drunken driver. There is no evidence to substantiate the fact that Williams knew or as a reasonable man should have known that Beard was an incompetent driver. The only testimony which tended to show that Beard was an incompetent driver was his admission that he had been convicted of driving under the influence of intoxicating liquor on two accasions, and the testimony of the highway patrolman that he was drunk on the occasion of the accident. There is a total absence of proof that Beard had a bad reputation in the community as a careless or incompetent driver, or as a habitual drunkard, or as one who would drive while drinking. The only testimony relative to Williams' knowledge of Beard's drinking was the admission of Williams to the effect that he had heard that Beard drank, ''but no more than anyone else.'' Williams had never heard that Beard had been convicted of drunken driving in an adjoining county, and insofar as testimony in this case shows, had no knowledge that he had

ever driven any vehicle while drinking. The facts in this case certainly were not sufficient to charge Williams with either actual or constructive knowledge that Beard was a careless, reckless or incompetent driver because of his drinking habits. This case is controlled by our decision in the cases of Lovett Motor Co. v. Walley, 217 Miss. 384, 64 So. 2d 370 (1953); Gooch v. Dillard, 187 Miss. 660, 193 So. 619 (1940); Vanner v. Dalton, 172 Miss. 183, 159 So. 558 (1935).

We said in *Gooch*:

The appellant did not know that Brasshear was liable to be drunk while driving the automobile and the fact that he knew he occasionally drank intoxicating liquor was insufficient to charge him with constructive knowledge of the fact that he was liable to be drunk while driving an automobile. (187 Miss. at 663, 193 So. at 619 (1940).

The most the evidence in this case shows is that Williams knew that Beard at times drank, but as he said, "no more than anyone else." He had never seen him drunk or drinking under any circumstances that would charge him with notice that Beard was likely to be driving a vehicle while drinking.

██ █ We hold that the evidence was insufficient to submit to the jury the question of whether Williams knew or should have known that Beard was an incompetent driver or was likely to be driving an automobile while drinking. The trial court was in error in refusing to instruct the jury to find for Williams, and for that reason this case is reversed and judgment is entered here for appellant.

Reversed and judgment here for appellant.

*Lee, C. J., and Rodgers, Patterson and Smith, JJ.,* concur.