WILSON ET AL. *v.* KUYKENDALL ET AL.

[73 South. 344, Division B.]

1. TRESPASS. *Elements of damages. Taking property without legal process.*

Where appellant went upon the premises of appellee over his protest and without having any writ or warrant of any kind from any officer of the law, took possession of a mule he had sold on a conditional contract and thereby frightened appellee's wife, and putting him to expenses in recovering the property, the jury may consider not only the value of the mule, but all other circumstances in fixing the damage.

2. SAME.

    Under the law a party has not the right to invade the premises of another and take from the possession of the other party by force against the will of the party in possession any property, even though he may have title thereto.  He must in such case resort to the courts to obtain possession, if the party in possession refuses on demand to deliver the property.

APPEAL from the circuit court of Carroll county. HON. H. H. ROGERS, Judge,

Trespass by W. R. Kuykendall and others against R. C. Wilson and others.  From a judgment for plaintiff, defendant appeals.

*F. M. Glass,* for appellant.

A writ of replevin was sued out by Kuykendall for the mule, which resulted in favor of Wilson. Affidavits were then made out against Wilson's tenants charging them with criminal trespass, but on trial jury verdicts in favor of the defendants were rendered.  The court excluded all evidence pertaining to all said cases which was excepted to by appellants.

This action was then brought for trespass committed by Wilson and his tenants in going upon the premises of Kuykendall and taking possession of said mule, punitive damages being asked for by said declaration.

There can be no question about the right of Wilson to retain the title to said mule in his sale to Johnson, and that the title remains in him until full payment of the debt. *Salley* v. *Young,* 35 So. 571.

The claims of Kuykendall as an innocent purchaser would not defeat Wilson's rights to said title, were in an innocent purchaser. *Salley* v. *Youny,* 35 So. 571.

However, the evidence discloses that Kuykendall was familiar with the condition of said title at the time he traded for said mule. (See Kuykendall's evidence, page 21 of the record.)

The retention of the title is good against all parties, though made by parol. *Parker* v. *Payne,* 48 So.

835. And on condition broken, the seller is entitled to recover the property. *Williams* v. *Williams,* 23 So. 291.

It clearly follows, that, when Johnson failed to forward said note to Wilson, and then traded said mule to his brother-in-law, Kuykendall, with knowledge of the condition of the title in Kuykendall, or without such knowledge, Wilson was entitled to the possession of his property. The only question left open is the manner of acquiring that possession. Of course, one way, and I confess the proper one, to acquire the possession would have been a J. P. and a writ of replevin. However, it appears that Wilson took the easy and quiet method by going to Kuykendall's home and leading home a halter to which was fastened said mule.

Appellants confess that the act, thus mentioned, was one of simple trespass, that Wilson should have gone before a J. P. and made out his affidavit in replevin. However, this trespass is limited to the interest in the property held by Kuykendall, and this interest, according to the evidence before the court, extends only to his limited interest in and to the ground entered by Wilson, for no interest in the mule was in Kuykendall. *Salley* v. *Young, supra; Parker* v. *Payne, supra; Williams* v. *Williams,* supra.

Kuykendall had no interest in the mule and is, therefore, not entitled to recover for the trespass of the mule, especially where he was in possession by his own wrong, a possession acquired with full knowledge of the true condition of the title which deprived him of every right to acquire a title so long as said conditions remained.

However, under any phase of the case, Kuykendall was entitled to recover only such actual damages as he might have sustained, unless the trespass be characterized by fraud, malice, oppression or wilful wrong. *Black* v. *Robinson,* 61 Miss. 54.

I respectfully submit that this record fails to disclose any fraud, malice or wilful oppression practiced by Wilson on Kuykendall; on the other hand it shows that the mule belonged to Wilson, that there was no fraud, that Wilson and Kuykendall were on friendly terms and, therefore, no malice; that there was no oppression or wilful wrong, because Wilson quietly took possession of that which belonged to him, and which did not belong to Kuykendall. This being true, then Kuykendall was entitled to recover only such actual damages as he might have sustained. The eighth instruction requested by appellants bore directly upon this proposition and was refused by the court as shown by the record. This was fatal error, and entitles the appellants to a new trial.

However, the court lost sight of this fact, it seems, when he modified instruction number 9 requested by appellants, and caused same to conclude with a paragraph with reference to Kuykendall's consent, which instruction was not used by appellants after it was so modified. This error, too, was fatal.

This is especially true when considered in connection with all the instructions asked by appellees, by which the jury were limited in their finding only by the limit placed by the declaration.

I, therefore, respectfully submit that if Kuykendall was entitled to recover at all, he was limited to such actual damages as he might have sustained, as shown by the evidence, if any, which would not have included any interest in said mule, and on account of the action of the trial court in refusing appellants several instructions, the judgment herein should be reversed and the cause remanded, that the matter may be finally adjudicated according to the law in the case.

*J. W. Conger,* for appellee.

"It is a trespass to enter the lands of another to take one's own personal property." "What is a

trespass? Every entry upon the lands of another without lawful authority is a trespass, though it only be trodden and whether the land be enclosed or not, and no matter whether any damage be done or not. The gist of the action of trespass is the wrongful entry. Whatever is done after that is but an aggravation of damages. If a man's land be not enclosed the law encircles it with an imaginary line to pass which is to break and enter his close. The mere fact of breaking through this imaginary boundary constitutes a cause of action as being the violation of the right of property." *Agnew* v. *Jones,* 74 Miss. 347, 23 So. 25.

"It would be a dangerous doctrine to establish in this country that those who deem themselves owners of any property on another's premises may enter it without leave and take it without invoking the process of law." *Agnew* v. *Jones* (ib); *Perkins* v. *Hackleman,* 26 Miss. 41.

And it may be well said as stated therein, that "title and possession should be hunted for before 'crushing the wings of the butterfly to get the secret of their tints.'"

"Rights are not to be dealt with in this airy fashion no matter how humble those who assert them. It may be here the extent of the right is small, but whatever it is, it is sacred from spoliation." *Catchet* v. *Ocean Springs,* 78 Miss. 509, 29 So. 463.

This is an action of trespass for breaking the close of appellees aggravated by things done after the unlawful entry, the appellees having a lawful and undisputed possession and occupancy of the premises as against not only the trespassers but the world, and is not an action as intimated in the brief of appellants, for the determination of the ownership of a mule, or damages for the deprivation of appellees interest therein.

There was a way to determine who owned the mule, and who was entitled to its possession—and there was only one way to do it—and that by law—the same law

by which these appellees asked for the court below, and now this court, humble as they may be, renters though they are relief against a flagrant trespass, a wilful violation of their sacred possession, by way of damages.

"Where wilfulness, fraud, malice or oppression, evincing a disregard for the rights of others, characterize the wrongful act complained of, the jury are not limited in their verdict to the mere value of the property and interest, but may rightfully consider the circumstances of aggravation and increase the damages as to enforce a respect for the rights of others and as a punishment to the wilful trespassers." 51 Miss. 103; 40 Miss. 352; 43 Miss. 569 and 602.

The cases cited by appellants in their brief, with reference to the right of a seller to retain title to personal property sold, and retake it after condition broken, are simple enough and undisputed. But what kind of a title is it? Is it one, granting for sake of argument that Wilson did retain title, that will justify the seller in retaking it by force, breaking one's close in doing it, and against the commands of the occupants, and otherwise disturbing and aggravating one's family? Or, is it one that requires the vendor to make out his affidavit of a lien for the purchase money and have the property taken into possession by the officer and their rights tried in court? Appellants in their own brief answer the question by the remark, "the proper (way to acquire the possession) would have been a J. P. and a writ of replevin." And, the statutes also answer it.

ETHRIDGE, J., delivered the opinion of the court.

The appellees sued the appellants for trespass, and recovered a judgment of one hundred dollars. The appellants appealed from said judgment. The suit originated from the act of the appellants in going upon the

premises of the appellees and taking from the barn of appellees a certain mule over the protest and against the will of the appellees. The appellant Wilson had made a sale of the mule in question to one Johnson, and Johnson had agreed to execute a note for the balance of the purchase money, and the title to the mule was to be reserved in Wilson until payment was made. The note was not delivered at the time that Wilson thought it ought to have been delivered, and he went upon the premises, taking two other parties, appellants, with him and deeming that he had some right to take possession of the mule, took it over the protest and against the consent of the appellees and without having any writ or warrant of any kind from any officer of the law. The mule seems to have been worth about thirty-five dollars, and the appellants contend that this was the measure of damages, if any damages were due. The appellees, however, testify that Mrs. Kuykendall was frightened and disturbed by the conduct of the appellants, and Mr. Kuykendall testifies that he was humiliated and troubled about the matter and put to some expense in trying to recover the mule; the appellants having sold the mule to another party without his consent, and said mule being removed out of the county before the appellee could have a writ of replevin served.

Under the law a party has not the right to invade the premises of another and take from the possession of the other party by force or against the will of the party in possession any property, even though he may have title thereto. He must in such case resort to court to obtain possession if the party in possession refuses on demand to deliver the property. There were no errors in the instructions or in the rulings of the court, and the jury were the judges of the amount of damages, and the judgment is accordingly affirmed.

*Affirmed.*