952 So.2d 309 (2007)
Edgar M. MULLEN and Patsy C. Mullen, Appellants
v.
AMERICAN HONDA FINANCE CORPORATION, a California Corporation, Mississippi Recovery, Inc., a Mississippi Corporation, d/b/a American Lenders Service Company of Jackson, Mississippi and Tommy Morgan, Appellees.
No. 2006-CA-00288-COA.
Court of Appeals of Mississippi.
March 20, 2007.
Thomas A. Coleman, Jackson, attorney for appellants.
Travis Mac Haynes, Ellisville, Joe S. Deaton, Jackson, Ernest Russell Turner, attorneys for appellees.
Before LEE, P.J., GRIFFIS AND ROBERTS, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. On December 10, 2003, Edgar and Patsy Mullen (the Mullens) filed a complaint in the Choctaw County Circuit Court against American Honda Finance Corporation (AHFC), John Doe and Richard Roe seeking damages which they allegedly sustained when the defendants repossessed the car which had belonged to their deceased daughter, Patty Gay Mullen Wood. After Patty's death on October 2, 2002, the Mullens took possession of her 2001 Honda Accord. AHFC had financed Patty's purchase of the car; however, prior to her death, Patty had become delinquent in her monthly payments. The car was repossessed on December 17, 2002, by Tommy Morgan and Michael Owen. In their complaint, the Mullens also allege that the defendants committed trespass and wrongful possession of the car. The Mullens sought $10,000 in actual damages and $50,000 in punitive damages. The Mullens later amended their complaint twice to include Mississippi Recovery, Inc., d/b/a American Lenders Service Company (American Lenders), as an additional defendant *311 and to substitute Tommy Morgan and Michael Owen in lieu of John Doe and Richard Roe. We note that Michael Owen was never served with process.
¶ 2. On August 19, 2005, the trial court heard arguments on the motion for summary judgment filed by AHFC, which American Lenders and Morgan both joined. The trial court found that since the defendants did not breach the peace they had a right to repossess the car. Aggrieved, the Mullens now appeal asserting that the trial court erred in introducing the sales contract between AHFC and Patty into evidence and in granting the motion for summary judgment.

DISCUSSION
I. DID THE TRIAL COURT ERR IN ALLOWING THE SALES CONTRACT BETWEEN AHFC AND PATTY MULLEN TO BE INTRODUCED INTO EVIDENCE?
¶ 3. In their first issue on appeal, the Mullens argue that the trial court erred in allowing the sales contract between AHFC and Patty to be introduced into evidence. The Mullens claim that the contract was irrelevant as to the issues in the pleadings and that AHFC did not meet its burden of proof as to the authenticity of the contract. Admission or suppression of evidence is within the discretion of the trial judge and will not be reversed absent an abuse of discretion. Bridges v. Kitchings, 820 So.2d 42, 48(¶ 17) (Miss.Ct.App. 2002).
¶ 4. The Mullens state that they were never given notice that the contract was relevant to AHFC's defense. On July 5, 2005, AHFC filed a motion to supplement the summary judgment record with a copy of the contract between Patty and AHFC. The contract contained a provision which permitted AHFC to retake possession of the car by entering any premises where the vehicle was located. The Mullens contend that, without the contract, AHFC cannot show a security interest in the car; thus, the repossession constituted a breach of the peace or trespass. However, the Mullens were aware of the relationship between AHFC and their daughter. In their complaint, amended complaint and second amended complaint, the Mullens stated that AHFC loaned Patty money to buy the car, Patty was behind in making the monthly payments at the time of her death, and AHFC was the only lienholder on the car as evidenced by the certificate of title. In response to AHFC's itemization of undisputed material facts in support of their summary judgment motion, the Mullens accepted the statements of fact regarding their daughter's business relationship with AHFC. The Mullens admitted that their daughter financed her car through AHFC and was delinquent in her payments.
¶ 5. Shortly after making these admissions, the Mullens filed a motion for summary judgment on the issue of liability asserting that AHFC had no security interest in the car. The Mullens based their claim upon a copy of the contract which they had previously received through discovery. However, the copy received by the Mullens was missing two pages and, once they received the missing page, the Mullens withdrew their motion for summary judgment. The two pages missing were the back pages wherein the security interest in the car was assigned to AHFC. Only after realizing that the contract proved AHFC had a security interest in the car, even though they had been admitting this fact all along, did the Mullens attempt to prohibit the admission of the contract into evidence.
¶ 6. At this point in the proceedings, there was a hearing on AHFC's motion *312 for summary judgment. During the hearing the trial judge, although ready to grant AHFC's motion, informed the parties that he would reserve ruling until the contract was properly admitted into evidence. The Mullens then began to argue that AHFC failed to establish that the contract was genuine because they produced "no evidence that the Patty M. Wood, . . . who signed the retail installment contract `Patty Wood,' was the daughter of Edgar and Patsy Mullen and . . . no evidence about the signatures on the contract on behalf of Menotti (the car dealership). . . ." During another hearing on the matter, AHFC produced the original contract, an affidavit from an employee at Menotti who witnessed Patty sign the contract and verified her identification from her driver's license photo, and another affidavit from a Menotti employee, who received the contract immediately after Patty signed it and then assigned it to AHFC. The trial court then allowed the contract to be admitted and, subsequently, granted AHFC's motion for summary judgment. We can find no abuse of discretion by the trial court.
II. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF AHFC, AMERICAN LENDERS AND TOMMY MORGAN?
¶ 7. In their second issue on appeal, the Mullens argue that the trial court erred in granting summary judgment in favor of AHFC, American Lenders and Tommy Morgan (all hereinafter AHFC). We look to our familiar standard when reviewing summary judgment matters. In reviewing a lower court's grant of summary judgment, this Court employs a de novo standard of review. Anglado v. Leaf River Forest Prods., 716 So.2d 543, 547(¶ 13) (Miss.1998). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." M.R.C.P. 56(c). We will consider all of the evidence before the lower court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So.2d 790, 794 (Miss.1995). The party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). The entry of summary judgment is mandated if the non-movant "fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss.1987).
¶ 8. Pursuant to Mississippi Code Annotated Section 75-9-609 (Rev.2002), a secured party has a right to take possession of the collateral after default "(2) [w]ithout judicial process, if it proceeds without breach of the peace." As previously discussed, AHFC has established a security interest in the car; thus, our next inquiry concerns whether a breach of the peace occurred. Our legislature did not define "breach of peace," but the supreme court has provided some direction. For example, the supreme court has held that entering a private driveway to repossess collateral without use of force does not constitute a breach of peace. Dearman v. Williams, 235 Miss. 360, 370, 109 So.2d 316, 320-21 (1959); Martin v. Cook, 237 Miss. 267, 276, 114 So.2d 669, 670 (1959). The supreme court has also held that a creditor, who repossesses collateral despite the fact that the debtor has withheld *313 his or her consent or has strongly objected, did not breach the peace. Furches Motor Co. v. Anderson, 216 Miss. 40, 52-53, 61 So.2d 674, 680 (1952); Commercial Credit Co. v. Cain, 190 Miss. 866, 868-70, 1 So.2d 776, 777-78 (1941).
¶ 9. Edgar Mullen stated that the night before the repossession an unidentified man called to discuss the repossession of Patty's car. Edgar said that he asked the man not to repossess the car that night but to wait until the next day. Edgar also stated that he wanted to meet with the man prior to the repossession because he felt he was owed money for having to store his daughter's car. Around eight o'clock in the morning on December 17, 2002, Tommy Morgan and Michael Owen arrived at the Mullen's home to repossess the car. Morgan knocked on the front door, but only Patsy Mullen was home. Patsy was in a hospital bed recovering from a recent injury and was unable to walk. Patsy told Morgan to come to the kitchen door and let himself in. In her deposition Patsy stated that, although she and Edgar were expecting the repo men that morning, she told Morgan that her husband wanted to be present during the repossession. Patsy said that she was following Edgar's instructions. Patsy also admitted that she did not feel threatened in any way by Morgan. Furthermore, Patsy stated that she never sought medical help or treatment for emotional stress she supposedly developed as a result of this incident.
¶ 10. In his deposition, Morgan said that he was told that the repossession was voluntary and the keys would be waiting inside the car. Morgan stated that after Patsy asked him to come into the kitchen he asked her for the keys. Morgan said she informed him that Edgar had the keys but was not home. Morgan then went outside and proceeded to tow the car.
¶ 11. The cases relied upon by the Mullens to support their argument are all distinguishable from the case at bar because in the cited cases there was more than a verbal objection by the debtor. See Hester v. Bandy, 627 So.2d 833 (Miss.1993) (repo man purposefully entered property around 3:00 a.m. to avoid detection and plaintiff was injured while physically resisting); Commercial Credit Co. v. Spence, 185 Miss. 293, 184 So. 439 (1938) (repo man intentionally broke the window of the car); Wilson v. Kuykendall, 112 Miss. 486, 73 So. 344 (1917) (plaintiff testified she was disturbed and frightened by defendant's forceful actions in repossessing the property).
¶ 12. The Mullens also argue that Morgan trespassed on their property. However, Morgan was neither forbidden to be on the property nor was he asked to leave by Patsy.
¶ 13. From the record before us, it is clear that there was no breach of the peace in this instance; thus, summary judgment was properly granted in favor of AHFC.
¶ 14. THE JUDGMENT OF THE CHOCTAW COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.